836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TRICIL RESOURCES, INC. Plaintiff-Appellant,
v.
MUTUAL FIRE, MARINE and Inland Insurance Company, Defendant-Appellee.
 No. 86-3969.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges, CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Appellant-insured appeals the district court's dismissal of a declaratory judgment action. Appellant sought to have the issues of appellee-insurer's duties to defend and indemnify him resolved by the district court while there was an underlying action taking place in the state court. The district court found that it would not be appropriate to grant declaratory relief. We affirm.
 
 
 2
 Plaintiff-appellant, Tricil Resources, Inc., was, in December 1984, the operator of the Akron Recycle Energy System (RES), a plant which produces energy from waste. RES was owned by the City of Akron. The city, pursuant to an agreement, purchased comprehensive general liability insurance listing Tricil as an additional insured. Defendant-appellee, Mutual Fire, Marine and Inland Insurance Company, issued one of three such policies. The Mutual policy listed Tricil as an additional insured and, as the primary policy, provided for the first one million dollars in coverage.
 
 
 3
 There was an explosion at RES in December 1984, resulting in deaths, injuries, and property damage. Several lawsuits were filed in the Ohio state court system, naming Tricil and the city as defendants. Tricil asked that Mutual defend and indemnify Tricil in accord with the terms of the insurance policy. Mutual denied coverage, claiming that Tricil was entitled to coverage only for vicarious liability and not for its own negligence. As the allegation in the underlying suits raised issues of Tricil's negligence, Mutual claims it had no duty to defend.
 
 
 4
 While the state court actions were pending, Tricil brought this declaratory judgment suit asking the district court to declare that Mutual has a duty under the policy to defend and, if necessary, indemnify Tricil.
 
 
 5
 In Manley, Bennett, McDonald & Co. v. St. Paul Fire and Marine Ins. Co., 791 F.2d 460, 462 (6th Cir.1986), this court stated the standard of review of district court decisions regarding declaratory judgments.
 
 
 6
 [T]he grant of declaratory judgment is discretionary with the trial court, but that discretion is reviewable on a de novo basis by the Court of Appeals. Thus, regardless of the District Court's action, where the Court of Appeals is of the opinion that the case is an inappropriate one for declaratory judgment, it "should decline to advise the parties as to the law and refuse to decide the issues presented."
 
 
 7
 Id. (quoting, Grand Trunk Western R.R. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir.1984)).
 
 
 8
 When deciding a declaratory judgment action, the court should apply the following factors:
 
 
 9
 (1) whether the judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.
 
 
 10
 Id. (citing, Grand Trunk, 745 F.2d at 326).
 
 
 11
 In Manley, Bennett, the insurer sought a declaratory judgment as to its duty to indemnify the insured for the cost of insurer's defense in the underlying action. The court stated:
 
 
 12
 It thus appears that this action would not be especially useful as either a method of resolving the question presented or of clarifying the legal relations at issue. Furthermore, a superior alternative remedy exists in the form of an action for indemnity after the conclusion of the [underlying] trial. At that point, the court will have the benefit of the record in the liability trial, and (the outcome of that trial being known) the issue of coverage as to the costs of defense will be shaped by the actual facts of the case as found by the court and its decision applying the law to the facts. As we outlined in the Grand Trunk and the American Home cases, declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court. Such actions for an advance determination and the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and res judicata are created.
 
 
 13
 Id. at 462-63. See also, American Home Assurance Co. v. Evans, 791 F.2d 61 (6th Cir.1986). The Manley, Bennett decision led district courts to dismiss all declaratory judgment actions seeking to establish defense and indemnity issues in federal court where there was an underlying action in another court. As a result, this court, in Allstate Ins. Co. v. Green, 825 F.2d 1061 (6th Cir.1987), stated that the decisions in American Home and Manley, Bennett were not meant as a flat rule against the availability of declaratory judgments in insurance coverage cases. Id. at 1066. The court suggested that declaratory judgments were not inappropriate where the legal and factual issues were distinct from those in the underlying action.
 
 
 14
 Thus, the liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory action.
 
 Id. at 1067. Further, the court stated:
 
 15
 Finally, we are not convinced that an action for indemnity, instituted only after the insurance company has provided a defense which it may not have been obligated to render, is in every case a "superior remedy." This, too, is a determination which is not amenable to a per se rule but must be made only after consideration of the unique facts of each case. In conclusion, since the district court misperceived the reach of American Home and Manley, Bennett, the case will be remanded to permit that court to assess the propriety of the action pursuant to the general considerations, as well as the five-factor test, we set forth in Grand Trunk.
 
 
 16
 Id. (emphasis in original). Thus, although declaratory judgments are for the most part inappropriate in insurance coverage cases, the district court should evaluate each case on its own merits, in conjunction with the Grand Trunk factors.
 
 
 17
 Although the district court in the instant case did not have benefit of the Green decision and so relied on American Home when it rendered its decision, it did apply the Grand Trunk factors in deciding to dismiss the declaratory judgment action. Thus, the concerns of the Green court were met.
 
 
 18
 Upon careful review of the district court's findings, we are satisfied that the court was correct in dismissing this declaratory judgment action. Although liability issues may be factually and legally distinct from policy interpretation issues in some cases, the district court's detailed findings persuade us that such a distinction does not exist in this case. The resolution of the duty to defend and duty to indemnify issues in the instant case is dependent upon the determination of the facts of the underlying case as found by the state court.
 
 
 19
 Therefore, WE AFFIRM.