**GRAND TRUNK WESTERN RAILROAD COMPANY, a Michigan and Indiana corporation, Plaintiff-Appellant,**

v.

**CONSOLIDATED RAIL CORPORATION, a Pennsylvania corporation, Defendant-Appellee.**

No. 83–1331.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1984.

Decided Sept. 28, 1984.

---

Kevin M. Stanko, argued, Detroit, Mich., for plaintiff-appellant.

T. Patrick Durkin, argued, Frasco, Hackett & Durkin, Bloomfield Hills, Mich., for defendant-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

MERRITT, Circuit Judge.

The sole issue on this appeal is whether we should exercise our discretion to review by declaratory judgment an order entered in the Circuit Court of Cook County, Illinois, adjudicating the merits of a claim for indemnification. Because we conclude the instant action is not an appropriate one for declaratory judgment, we vacate the District Court's order and dismiss the case.

## I.

Mr. Ronald S. Wozniak, an employee of Conrail, alleges that on October 30, 1977, while he was working as part of a Consolidated Rail Corporation crew engaged in the delivery of three rail cars to the Grand Trunk Western Railroad Company facility in Hamtramck, Michigan, he was struck by an object protruding from a Grand Trunk locomotive traveling on an adjacent set of tracks. On June 28, 1978, Mr. Wozniak filed a complaint in the Circuit Court of Cook County, Illinois, against Conrail and Grand Trunk. Mr. Wozniak's action against Conrail was based upon its alleged violation of the Federal Employer's Liabili-

ty Act, 45 U.S.C. § 51, *et seq.;* his action against Grand Trunk was based upon its alleged common law negligence.

On February 9, 1979, Grand Trunk filed a counterclaim against Conrail for indemnification under a March 21, 1969, interchange agreement. On April 30, 1980, the Honorable Arthur Sullivan, Judge of the Circuit Court of Cook County, Illinois, dismissed Grand Trunk's counterclaim because, "applying Michigan law to the Agreement in question, the Court finds that the Agreement contains highly malleable, ambiguous language which does not clearly set forth the intent of the parties to indemnify for the other's negligence." Grand Trunk has not appealed Judge Sullivan's decision regarding Grand Trunk's claim for indemnification in the *Wozniak* case which is still pending.

On August 19, 1981, Grand Trunk filed an action against Conrail in the United States District Court for the Eastern District of Michigan seeking a declaratory judgment that the agreement in question requires that Conrail defend and indemnify Grand Trunk in the *Wozniak* case. The District Court granted Conrail's Motion for Summary Judgment on December 1, 1982, on the ground that Grand Trunk's indemnity claim was barred by res judicata or in the alternative by collateral estoppel as a result of Judge Sullivan's order which, the District Court found, had fully adjudicated the merits of the indemnity claim.

Grand Trunk then moved for rehearing on the ground that Judge Sullivan's order was not a final judgment under Illinois Supreme Court Rule 304(a), which provides that "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal...." The District Court denied Grand Trunk's Motion for Rehearing because "[a]n order adjudicating fewer than all the claims of the parties may be final for purposes of res judicata and collateral estoppel."

## II.

Title 28 of the United States Code, § 2201 provides that in "a case of actual controversy within its jurisdiction" a federal court "may" give a declaratory judgment, a power permissive, not mandatory. Although it is well settled that the granting of a declaratory judgment rests in the "sound discretion" of the court, *see* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2759 at 645 (1983), the standard of review of the trial court's exercise of discretion to grant or refuse declaratory relief is not so clear. *See American States Ins. Co. v. D'Atri,* 375 F.2d 761, 763 (6th Cir.1967) (reversing dismissal of declaratory judgment simply as "judicially indiscreet"). Compare *Broadview Chemical Corp. v. Loctite Corp.,* 417 F.2d 998 (2d Cir.1969); *National Health Federation v. Weinberger,* 518 F.2d 711 (7th Cir.1975); *Alsager v. District Court of Polk County, Iowa,* 518 F.2d 1160 (8th Cir.1975); *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674 (5th Cir.1973); and *President v. Vance,* 627 F.2d 353, 364 n. 76 (D.C.Cir.1980), all of which take the position of the *Vance* case that in reviewing declaratory judgments the "usual practice ... is for the appellate court to substitute its own judgment for that of trial court," with *Globe Indemnity Co. v. St. Paul Fire & Marine Ins. Co.,* 369 F.2d 102 (3rd Cir.1966) and *Delno v. Market St. Ry. Co.,* 124 F.2d 965, 967 (9th Cir.1942) (appellate court must find "no reasonable man would take the view adopted by the trial court"). Professor Moore and Judge Friendly agree with the majority view that the discretion in the trial court should not be "review limiting," *see* 6A Moore's Federal Practice ¶ 57.08[2] at 57–37 (1983); Friendly, *Indiscretion About Discretion,* 31 Emory L.J. 747, 778–779 (1982) ("the statements about the special discretion of the trial court on this subject are bosh").

We believe that the standard of review applicable to the District Court's discretion exercised under the Declaratory Judgment Act should not be as narrow as the *Globe*

and *Delno* cases suggest. We must be able to ensure that the District Court exercises its discretion to grant declaratory relief when the need for uniformity or an other overriding policy consideration suggests the need for settlement or clarification of the legal issues presented. But we should not be required to decide legal issues and give advisory relief unnecessarily. *See Sears, Roebuck and Co. v. American Mut. Liab. Ins. Co.,* 372 F.2d 435, 438 (7th Cir.1967). Thus if we disagree with the District Court's reasons for rendering a declaratory judgment, as we do in this case, we should decline to advise the parties as to the law and refuse to decide the issues presented.

■■■ We apply the following general principles in determining whether a declaratory ruling is appropriate:

The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

E. Borchard, Declaratory Judgments 299 (2d ed. 1941), cited with approval in *Broadview Chemical Corp. v. Loctite Corp., supra, Panhandle Eastern Pipe Line Co. v. Michigan Consol. Gas Co.,* 177 F.2d 942, 944 (6th Cir.1949); *Maryland Cas. Co. v. Boyle Constr. Co.,* 123 F.2d 558, 565 (4th Cir.1941). *See also* Wright, Miller & Kane, *supra,* at 647 n. 5. We thus consider the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between

our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *See generally* Moore, *supra,* ¶ 57.08[2]–[7]. *See also* Wright, Miller & Kane, *supra,* § 2759. Applying each of these factors to the instant case, we conclude the District Court erred in granting declaratory relief.

■■ The instant action does not involve an independent dispute because it arises from and affects a pending Illinois lawsuit. It would not clear up the legal issues in that case. Plaintiff Grand Trunk simply seeks to obtain in this lawsuit a judgment that overturns Judge Sullivan's earlier order regarding Grand Trunk's indemnity claim. The case would continue in the Illinois court, and the effect of our ruling on that proceeding is unclear.

Courts have discouraged "the use of the declaratory action as a method of procedural fencing, or as a means to provide another arena for a race for res judicata." Moore, *supra,* ¶ 57.08[5] at 57–50. That is precisely what plaintiff seeks in this action. In *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), the Supreme Court directed that we prevent the "gratuitous interference with the orderly and comprehensive disposition of a state court litigation." Grand Trunk's request for declaratory relief is an attempt to have the federal courts do what the state court has already refused to do. As such, Grand Trunk's request for declaratory relief is not only an impermissible attempt to race with Conrail to obtain a favorable final judgment, but also will create unnecessary friction between federal and state courts.

Courts deny declaratory relief if an alternative remedy is better or more effective. *See, e.g., City of Highland Park v. Train,* 519 F.2d 681 (7th Cir.), *cert. denied,* 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337 (1975); *Norvell v. Sangre de Cristo Dev. Co.,* 519 F.2d 370 (10th Cir.1975); *Cartier v. Secretary of State,* 506 F.2d 191 (D.C. Cir.), *cert. denied,* 421 U.S. 947, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1974). If Judge Sulli-

van erred in his indemnity ruling, Grand Trunk can appeal his ruling. Grand Trunk has never attempted to have Judge Sullivan certify the question of indemnification to an Illinois appellate court under Supreme Court Rule 304, the normal avenue of interlocutory review.

For the reasons discussed in this opinion, we conclude that the District Court erred in giving a declaratory judgment in the instant case. Accordingly, we vacate the District Court's order and remand the case to the District Court with instructions to dismiss the complaint.