**MANLEY, BENNETT, McDONALD & CO., Plaintiff-Appellee,**

v.

**ST. PAUL FIRE & MARINE INSURANCE CO., Defendant-Third-Party Plaintiff-Appellant,**

v.

**John S. ALBRIGHT, et al., Third-Party-Defendants.**

**No. 85–1006.**

United States Court of Appeals, Sixth Circuit.

Argued April 18, 1986.

Decided May 27, 1986.

Rehearing and Rehearing En Banc Denied Aug. 7, 1986.

Jeannette A. Paskin, Southfield, Mich., Paul Callam (argued), for defendant-third-party plaintiff-appellant.

Robert S. Krause (argued), Detroit, Mich., for plaintiff-appellee.

Before MERRITT and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.

MERRITT, Circuit Judge.

This is a declaratory judgment action arising out of two stockbrokers' fidelity bonds issued by St. Paul, committing it to indemnify Manley, Bennett, a stockbrokerage firm, against dishonest or fraudulent acts by its own general partners or employees. Because we find that this case is an inappropriate one for declaratory judgment, we vacate the judgment of the District Court and remand for dismissal.

## I.

The dispute in this case arises out of two separate actions filed against Manley, Bennett in federal district court. The first was filed by Charles Tirone in the United States District Court for the Western District of New York; the second was filed by Lawrence Roth in the Eastern District of Michigan. The two cases were subsequently consolidated in the Western District of New York, where discovery is currently underway. The complaints allege several counts of fraud and violation of securities laws on the part of Manley, Bennett.

After the above actions were filed, Manley, Bennett contacted St. Paul regarding coverage under the bonds. The bonds exclude losses "directly or indirectly caused by ... misrepresentations as to the value of securities" or from "any violation" of the securities laws "unless such loss in the absence of such laws ... would be covered under the Insuring Agreement of this

bond." The "Court Costs and Attorneys' Fees" provision allows the insuror at its "election" to defend, but, if it chooses not to defend, requires the insuror to indemnify for the costs of defending a claim covered by the policies.

St. Paul declined coverage on the theory that the cases fell outside the coverage language of the policies because the complaints alleged wrongdoing by Manley, Bennett as an entity against third parties, rather than fraud against Manley, Bennett by its own partners and employees. In addition, it declined because such wrongdoing fell within the exclusions to coverage of the bonds. Because it claimed that the complaints were not covered by the bonds, St. Paul also refused to assume the defense or commit itself to indemnify Manley, Bennett for costs incurred in defending the Tirone/Roth suits.

Manley, Bennett then filed this declaratory judgment action in the Eastern District of Michigan rather than New York where the suits are consolidated for trial. It seeks a declaration that St. Paul was obligated to provide coverage and to indemnify Manley, Bennett for the cost of the defense. District Judge Guy ruled that St. Paul was required to indemnify Manley, Bennett for court costs and attorney fees, but, as to the coverage issue, the Court granted Manley, Bennett's motion for voluntary dismissal. St. Paul appeals the ruling requiring indemnification for the cost of defense.

## II.

■ Under the Declaratory Judgment Act, 28 U.S.C. § 2201, the grant of declaratory judgment is discretionary with the trial court, but that discretion is reviewable on a *de novo* basis by the Court of Appeals. Thus, regardless of the District Court's action, where the Court of Appeals is of the opinion that the case is an inappropriate one for declaratory judgment, it "should decline to advise the parties as to the law and refuse to decide the issues presented."

*Grand Trunk Western R.R. v. Consolidated Rail Corp.*, 746 F.2d 323, 325–26 (6th Cir.1984) (declining to give declaratory judgment of indemnity issues where underlying actions in litigation in state court); *American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir.1986). *See also Green v. Mansour*, —— U.S. ——, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985) (Declaratory judgment is discretionary with courts; decision of whether it is proper "may depend on equitable considerations," and should be "informed by the teachings and experience concerning the functions and extent of federal judicial power.")

■ In deciding whether a case is suitable for declaratory judgment, the court will look at such factors as (1) whether the judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Grand Trunk, supra,* 746 F.2d at 326.

■ We find that the instant case is not suitable for declaratory judgment. Because Manley, Bennett voluntarily dismissed its claim regarding coverage, the only issue that could be resolved here is that of St. Paul's duty to indemnify Manley, Bennett for the costs of conducting the defense.[1] Even on that issue, however, a declaratory judgment would require further proceedings for enforcement.

It thus appears that this action would not be especially useful as either a method of resolving the question presented or of clarifying the legal relations at issue. Furthermore, a superior alternative remedy exists in the form of an action for indemnity after

---

1. Thus, should Manley, Bennett lose in the Western District of New York, a subsequent indemnity action will be necessary to determine the question of coverage.

the conclusion of the Roth/Tirone trial. At that point, the court will have the benefit of the record in the liability trial, and (the outcome of that trial being known) the issue of coverage as to costs of defense will be shaped by the actual facts of the case as found by the court and its decision applying the law to the facts. As we outlined in the *Grand Trunk* and the *American Home* cases, declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court. Such actions for an advance determination in the nature of an advisory opinion should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created. We therefore find that the declaratory judgment was improvidently granted, and remand to the District Court with instructions to dismiss the complaint.