**OMAHA PROPERTY AND CASUALTY INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Comer Bernard JOHNSON, Comer Burkehart Johnson, Diane E. Cross, Corky L. Cross and Matthew Moss, Defendants–Appellants.**

Nos. 90–5277, 90–5415.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1990.

Decided Jan. 11, 1991.

Rehearing and Rehearing En Banc
Denied April 1, 1991.

Harry Weill (argued), Weiss & Weiss, Chattanooga, Tenn., for Omaha Property and Cas. Ins. Co.

Paul W. Sorrick, Jr., Sorrick, Guthrie & Guthrie and Thomas H. O'Neal and Joseph T. Walker (argued), O'Neal & Walker, Chattanooga, Tenn., for Comer Bernard Johnson, Comer Burkehart Johnson, Diane E. Cross, Corky L. Cross, and Matthew Moss.

Before MERRITT, Chief Judge, and JONES and WELLFORD, Circuit Judges.

MERRITT, Chief Judge.

Based on our earlier decisions in *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation,* 746 F.2d 323 (6th Cir.1984), and *Allstate Insurance Co. v. Mercier,* 913 F.2d 273 (6th Cir.1990), and the Supreme Court's decision in *Green v. Mansour,* 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985), we decline to exercise our discretion to render a declaratory judgment in this diversity case raising a question of insurance coverage.

The plaintiff in this declaratory judgment action is an automobile insurance company. The defendants are the plaintiffs and defendants in another action pending in circuit court in Hamilton County, Tennessee. The state court plaintiffs sued an unlicensed 16–year–old driver as a result of a traffic accident which occurred when the son was driving a car owned by his father. The insuror had issued a policy of automobile insurance naming the father as the insured and describing as an insured vehicle the automobile which the son was driving.

Asserting that the "family purpose doctrine" and the theory of "negligent entrustment" were not applicable under Tennessee law, the father moved for summary judgment on the theory that he had previously told his son not to drive the car. The state court denied the motion for summary judgment. It determined that these issues concerning permission to use the car were not clear and would be left for a jury to decide and allowed the state court plaintiffs to amend their complaint to alleged alternative theories of negligence against the father.

The District Court then entered an order in the federal declaratory action granting summary judgment in favor of the insuror. The district court found that it was "undisputed" that the son had no reasonable belief of his entitlement to use the car. Based on that factual finding, the court interpreted the provisions of the policy to deny coverage.

Motions to reconsider filed by the father and son pointed out that the state court had ruled on the summary judgment motion and had left for the jury questions of fact on the liability issues and that these questions were of the same nature as the questions of fact underlying the coverage issue. The District Court denied reconsideration. The result of these two rulings in the state and federal courts may be that similar factual issues concerning liability and coverage will be resolved inconsistently.

We have repeatedly held in these insurance coverage diversity cases that the Declaratory Judgment Act grants the district courts a discretion to entertain such cases, a discretion guided by certain general principles. *Allstate Insurance Co. v. Mercier,* 913 F.2d 273 (6th Cir.1990); *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation,* 746 F.2d 323 (6th Cir.1984); *American Home Assurance Co. v. Evans,* 791 F.2d 61 (6th Cir.1986); *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co.,* 791 F.2d 460 (6th Cir.1986). This Court reviews the exercise of such discretion *de novo,* applying a general standard involving five considerations. The general standard is whether "the judgment will serve a useful purpose in clarifying and

settling the legal relations in issue," and whether "it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Allstate*, 913 F.2d at 277, *Grand Trunk*, 746 F.2d at 326. To determine whether these results can be reached, five factors are considered:

(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Allstate*, 913 F.2d at 277; *Grand Trunk*, 746 F.2d at 326. These considerations follow the general approach of the Supreme Court in such cases. In *Green v. Mansour*, 474 U.S. at 72–73, 106 S.Ct. at 427–428, the Court noted that whether a federal court should entertain such actions is a matter of "discretion" based on weighing considerations of "equity, comity and federalism," the uncertain effect of *res judicata* and the tendency of such a decision to "be a partial end run" around the authority of state courts to adjudicate claims falling within their jurisdiction.

All of these considerations counsel against entertaining this action, just as the Supreme Court has concluded in *Green*, and as we have concluded in the cases heretofore cited. There is no federal question in the case. The decision of the court below creates a potential conflict with the state court on a question of state law. Both sporting metaphors—procedural "fencing" and "end run"—apply. The *res judicata* effect is uncertain. There is no claim that state remedies for resolution of the coverage issues are either unavailable or ineffective. Rather than settling the issues presented in the litigation, dual decisions are likely to simply confuse matters.

Even if the district court's ruling had clarified rather than confused the legal relationships of the parties,

this clarification would come at the cost of "increas[ing] the friction between our federal and state courts and improperly encroach[ing] upon state jurisdiction." The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.

*Allstate v. Mercier*, 913 F.2d at 279 (citation omitted). For the federal courts to preempt the right of the state court to rule on a previously undetermined question of state law, more must be present than the desire of the insurance company to avoid the possibility of an unfavorable ruling in state court by convincing the federal court to rule first.

Accordingly, we find that the declaratory judgment was improvidently granted. We vacate the order granting summary judgment and remand to the District Court with instructions to dismiss the complaint for declaratory judgment.

NATHANIEL R. JONES, Circuit Judge, concurring.

While I agree with majority's disposition on the specific facts of this case, I write separately to make clear that there are circumstances in which a declaratory judgment action is an appropriate means for an insurance company to resolve questions of liability with respect to its insured. *See, e.g., State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247 (6th Cir.1986); *Allstate Ins. Co. v. Green*, 825 F.2d 1061 (6th Cir.1987). Thus, I would emphasize that our decision today does not function as a repudiation of our holdings in *Odom* and *Green*, but rather continues our policy of assessing the appropriateness of granting jurisdiction in declaratory judgment actions on a case by case basis.

WELLFORD, Circuit Judge, dissenting:

While suits for damages by Diane Cross, Corky Cross, and Matthew Moss were pending in Tennessee state court against the Johnsons, father and minor son (the parent having insurance policies with Omaha Property Insurance Co. (Omaha)) the latter sought a declaratory judgment in federal court, based on diversity jurisdiction, as to whether it owed a duty to defend and/or whether insurance coverage was available to either Johnson under a "personal auto policy" covering the parent, Comer Johnson. Omaha has been providing a defense under a reservation of rights in the state court to both Johnsons, including the minor son who took his father's car without permission and was involved in an accident with the Crosses and Moss.

The federal declaratory judgment action was brought about four months after the state court action was filed. None of the parties involved in the accident, including the Johnsons, made any objection nor claimed want of jurisdiction to the federal declaratory action. Comer Johnson answered promptly without raising any jurisdiction question, but denied his son had "stolen" the automobile in question, but admitting that he had used it "without a reasonable belief that he was entitled to do so." Johnson claimed coverage. The declaratory judgment proceeding does not appear to have delayed the state court proceeding as discovery was apparently just underway and has never been concluded. Plaintiffs' counsel in the state court proceedings conceded at oral argument that he had never taken the deposition of young Johnson. The action was not taken, then, to delay or to bring about a continuance of the state action on its merits. No party instituted any action, separate from or a part of the original proceedings in state court, to test whether or not Omaha's coverage under the contested policy applied under the circumstances of this case. No conflict between the decision rendered without objection by District Judge Edgar and a decision on coverage in state court now appears.

That latter factor clearly distinguishes this case from *Grand Trunk Western Railroad Company v. Consolidated Rail Corporation,* 746 F.2d 323 (6th Cir.1984), where we began our consideration with these words:

> The sole issue on this appeal is whether we should exercise our discretion to review by declaratory judgment an order entered in the Circuit Court of Cook County, Illinois, adjudicating the merits of a claim for indemnification. Because we conclude the instant action is not an appropriate one for declaratory judgment, we vacate the District Court's order and dismiss the case.

*Id.* at 324.

In *Grand Trunk,* the very issue sought to be adjudicated in federal court—indemnity as between two independent carriers—was pending before a state tribunal. We, therefore, in my view, properly found it error for the district court to interject by declaratory judgment the very legal issue to be decided in state court in *Grand Trunk.*

The act which authorizes federal courts to render declaratory judgments in appropriate cases "confers a discretion upon the courts rather than an absolute right upon the litigant." *Green v. Mansour,* 474 U.S. 64, 72, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985) (quoting *Public Service Comm'n v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)).

We stated this rule in our circuit recently:

> As the court pointed out in *Allstate v. Green* [825 F.2d 1061 (6th Cir.1987)], there is no per se rule against a district court's entertaining a declaratory judgment action to determine an insured's liability when a tort action is pending against its insured in a state court. Both the Supreme Court and this court have approved the use of declaratory judgment actions by insurers under such circumstances. *See, e.g., Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *American States Ins. Co. v. D'Atri,* 375 F.2d 761 (6th Cir.1967). Nevertheless, we have stated that "de-

claratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Manley, Bennett, McDonald & Co.*, 791 F.2d at 463. *Allstate Insurance v. Mercier*, 913 F.2d 273, 277–78 (6th Cir.1990).

From all that appears in this record, the parties had a full opportunity to develop evidence concerning the circumstances of young Johnson's taking his father's car without his knowledge or express consent. The decision in district court was not rendered until six months after the answer was filed. *Mercier* had not been decided at the time the district court rendered its decisions in question. It is not clear that the district court considered the factors discussed in *Mercier*, in *Green*, and in *Grand Trunk*. "When the record contains no indication that the district court considered these criteria and factors, this court has the option either to apply them on appeal or to remand to the district court for this exercise." *Mercier*, 913 F.2d at 277. Neither the district court nor any of the parties concerned discussed these cases concerning the discretionary nature of accepting jurisdiction and rendering declaratory judgment on questions and issues that the state court might be called upon to decide.[1]

Under the circumstances, I would opt to remand to the district court to consider these issues, and to consider also possible certification of this difficult and uncharted area of legal interpretation to the Tennessee Supreme Court.

I, accordingly, respectfully dissent because I would remand, for the reasons indicated, rather than vacate the judgment with instructions to dismiss.

---

1. I find *American Home Assurance v. Evans*, 791 F.2d 61 (6th Cir.1986), cited by the majority, to be clearly distinguishable. That action was instituted by the insurance carrier shortly before the state malpractice trial was to begin with a request for a stay. We noted in that case that the insurer's action was "certainly part of a race for *res judicata*." *Id.* at 62. No such indication exists in the instant case. *Manley, Bennett, Mc-*

*Donald v. St. Paul Fire & Marine Ins.*, 791 F.2d 460 (6th Cir.1986), is similarly inapplicable to these facts. *Manley* involved an effort to obtain a declaratory judgment in a Michigan federal district court on issues which were pending before another federal district court, involving the same parties and insurance companies, in New York. *Compare State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247 (6th Cir.1986).