76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GUARANTY NATIONAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Gary W. CAIN; Rosalie Cain; Robert L. McClelland;
American Employers Insurance Co.; Commercial
Union Insurance Co.; and Kentucky Farm
Bureau Mutual Insurance Co.,
Defendants-Appellants.
 Nos. 94-5904, 94-5905.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1996.
 
 1
 Before: MERRITT, Chief Judge; RYAN, Circuit Judge; and CLELAND, District Judge.*
 
 
 2
 CLELAND, District Judge.
 
 
 3
 The district court exercised its discretion to hear this declaratory judgment case requiring it to decide a heated dispute about the interpretation of Kentucky law. The court granted summary judgment for plaintiff, Guaranty National Insurance Co., and defendants appeal. Because we believe that jurisdiction was improvidently exercised, we vacate the court's order and remand with instructions to dismiss the case.
 
 I.
 
 4
 On Friday afternoon, January 25, 1991, Randall Downs purchased a vehicle from EZ Mony Used Cars ("EZ Mony"). He executed all of the necessary documents and signed a power of attorney allowing EZ Mony to deliver the paperwork in order to transfer title to the county clerk's office. That very evening, however, Downs was involved in an auto accident while driving the car he purchased from EZ Mony. He and his passenger, Jarvis Lynn, were killed, and the Cains, the occupants of the other vehicle involved, were injured. The following Monday, EZ Mony delivered the paperwork to the clerk's office, and title was actually transferred the next day.
 
 
 5
 Plaintiff-Appellee is the insurer for EZ Mony; Defendants-Appellants are the injured parties, the estates of the deceased and the insurer of each. In its grant of summary judgment, the district court determined that Downs was the owner of the car for liability insurance purposes under Kentucky law, and therefore Appellee was not liable under its insurance policy with EZ Mony.
 
 II.
 
 6
 The issue presented on these facts is when automobile title transfers for liability insurance purposes. However, for reasons explained below, this court will not address the merits of the claim.
 
 
 7
 District courts have discretion to hear insurance coverage diversity cases and this court reviews the exercise of such discretion de novo. Omaha Property and Casualty Ins. Co. v. Johnson, 923 F.2d 446 (6th Cir.), reh'g en banc denied, 1991 U.S.App. LEXIS 7106 (1991). A district court may entertain a diversity insurance case if " 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,' and [if] 'it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " Omaha Property, 923 F.2d at 447-48 (quoting Allstate Ins. Co. v. Mercier, 913 F.2d 273 (6th Cir.1990)). In applying this general standard, this court considers the five factors set forth in Grand Trunk Western R.R. Co. v. Consolidated Rail Co., 746 F.2d 323, 326 (6th Cir.1984):
 
 
 8
 (1) whether the judgment would settle the controversy;
 
 
 9
 (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
 
 
 10
 (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata ";
 
 
 11
 (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
 
 
 12
 (5) whether there is an alternative remedy that is better or more effective.
 
 
 13
 Grand Trunk, 746 F.2d at 326. This approach generally follows the Supreme Court's analysis of such issues in Green v. Mansour, 474 U.S. 64, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). See also Allstate Ins. Co. v. Mercier, 913 F.2d 273, 277 (6th Cir.1990); American Home Assurance Co. v. Evans, 791 F.2d 61, 63 (6th Cir.1986); Manley, Bennett, McDonald v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 462 (6th Cir.1986).
 
 
 14
 Taken together, these factors weigh against entertaining jurisdiction in this case. The first factor weighs in favor of the federal court exercising its jurisdiction because a judgment would certainly settle the matter. As to the second factor, it appears that the issue is unsettled under Kentucky law, as there are cases which support both Appellants' and Appellee's arguments. Compare Nantz v. Lexington Lincoln-Mercury-Subaru v. Mitchell, No. 94-CA-001163 MR (Ky.Ct.App.1995)[2] (holding that title transfers once papers are given to buyer) with Potts v. Draper, 864 S.W.2d 896 (Ky.1993) (holding that actual titleholder is responsible for liability insurance). In view of the state of Kentucky law, any decision by a federal court is only likely to confuse the issue further and would not serve the purpose of clarifying the legal relations at issue. Neither the third nor the fifth factors tip the scales in either direction. While it appears that there may have been a race to federal court for res judicata, this is not clear from the record. It is also not clear that the state remedy in and of itself is "better or more effective", but it certainly is at least as effective as a federal court determination. As stated in American Home Assurance, "[w]e [ ] question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner." American Home Assurance, 791 F.2d at 63.
 
 
 15
 The most important factor in our view is the fourth. A decision by the district court will only increase friction between the federal and state courts. As noted in Allstate v. Mercier:
 
 
 16
 The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.
 
 
 17
 Allstate v. Mercier, 913 F.2d at 279 (citations omitted). In Omaha Property, this court found that "more must be present than the desire of the insurance company to avoid the possibility of an unfavorable ruling in state court by convincing the federal court to rule first." Omaha Property 923 F.2d at 448. Nothing more than this is present in this case. The fact that the Kentucky Supreme Court recently decided to rule on a similar case indicates that it wished to clarify this area of state law. No substantial purpose would be served by the federal courts ruling on questions of Kentucky law in this regard. Therefore, the Grand Trunk factors counsel against the federal court entertaining jurisdiction in this case.
 
 III.
 
 18
 Accordingly, we find that the district court should not have granted declaratory judgment in this case. We VACATE the order granting summary judgment and REMAND to the district court with instructions to dismiss the complaint for declaratory judgment.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 The Kentucky Supreme Court recently granted a motion for discretionary review for this consolidated case