110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray S. HUDSON; S.E. Cundiff, Jr.; Shea R. Hudson; M.P.
McCubbins; R.L. McCubbins; Sarah A. McCubbins,
Plaintiffs-Appellants,
v.
David T. STOSBERG, Bankruptcy Judge; Henry H. Dickinson,
U.S. Bankruptcy Judge; J. Wendell Roberts, U.S.
Bankruptcy Judge; Joseph Golden; Diane
S. Robl, Defendants-Appellees.
 No. 96-5594.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: MERRITT, KRUPANSKY, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Ray S. Hudson and five other pro se plaintiffs appeal a district court order dismissing this complaint for lack of subject matter jurisdiction in this suit for declaratory and injunctive relief. 28 U.S.C. § 2201. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In support of this action, the plaintiffs alleged that the defendants conspired to deprive them of their constitutional rights under the First, Fifth, Seventh and Fourteenth Amendments. The plaintiffs named, in their individual and official capacities, three federal bankruptcy judges, a bankruptcy trustee, and the Clerk of the United States Bankruptcy Court for the Western District of Kentucky. Specifically, the plaintiffs claimed that they were denied due process and equal protection, and were subjected to discrimination, after Judge Stosberg issued orders enjoining these plaintiffs from filing bankruptcy petitions and other documents with that court, on behalf of others. The plaintiffs requested the district court to declare as unconstitutional: 1) Judge Stosberg's orders; 2) Sections 110(f)(1) and (k) of the Bankruptcy Act; and 3) Bankruptcy Rule 1006.
 
 
 3
 The district court dismissed the case for lack of subject matter jurisdiction. On appeal, the plaintiffs reassert the claims they presented in district court, and state that no district court judge in the Western District of Kentucky can review their claims without bias.
 
 
 4
 This court concludes that the district court properly dismissed this case for lack of subject matter jurisdiction. Although the plaintiffs' claims involve federal law, the Declaratory Judgment Act is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. Wilton v. Seven Falls Co., 115 S.Ct. 2137, 2143 (1995) (quoting Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952)); Aetna Cas. & Sur. Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir.1996). The Act does not provide an independent basis for federal jurisdiction. Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc., 977 F.2d 1224, 1227 (8th Cir.1992).
 
 
 5
 A declaratory judgment in this case would not "serve a useful purpose in clarifying and settling the legal relationships in issue" or "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Grand Trunk W.R.R. v. Consolidated Rail Corp., 746 F.2d 323, 326 (6th Cir.1984). The plaintiffs appear to be using the declaratory remedy for "procedural fencing," and the district court noted that the proper remedy for the plaintiffs would have been to directly appeal the district court's orders enjoining them from filing further bankruptcy petitions on behalf of third parties. This factor weighs in favor of affirming the district court's dismissal for lack of jurisdiction. Grand Trunk, 746 F.2d at 326.
 
 
 6
 The plaintiffs have presented no factual basis to support their accusations of bias, prejudice or conspiracy, and this court need not accept the plaintiffs' bare legal conclusions that the orders have been motivated by an intent to discriminate against them. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.