ORDER GRANTING DEFENDANT AUTOZONE’S MOTION TO DISMISS
 

 DONALD, District Judge.
 

 Before the Court is the motion of Auto-Zone, Inc. (“Defendant” or “AutoZone”) to dismiss this declaratory judgment action brought by Hartford Fire Insurance Company (“Plaintiff’ or “Hartford”). Defendant argues that venue is improper in this Court, that Plaintiffs complaint fails to state a claim on which relief may be granted, and that the Court should use its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, not to entertain this case. For the following reasons, the Court grants Defendant’s motion to dismiss as to Defendant AutoZone.
 
 [1]
 

 1. Factual and Procedural Background
 
 [2]
 

 This action involves the same factual circumstances as those in
 
 Dana Corpora
 
 
 *MLXXXI
 

 tion v. AutoZone, Inc.,
 
 Case No. 03-2715. This Court granted AutoZone’s motion to dismiss in
 
 Dana
 
 on December 8, 2003, exercising its discretion under the Declaratory Judgment Act not to hear that case.
 

 The incident that forms the basis of Plaintiffs claim for declaratory relief involves a vehicular accident and resulting litigation in Texas. In January 2002, a car driven by Ricardo Gonzales collided with a passenger van, resulting in Mr. Gonzales’s death and severe injuries to the passengers and other driver. In February 2002, the family of Mr. Gonzales and the injured people (“the Texas plaintiffs”) sued the owner and driver in Texas state court.
 
 See Gonzalez, et al. v. AutoZone, et al.,
 
 Cause No. 02-02-18117-MCU, 365th Judicial Dist. Ct., Maverick County, Tex.
 

 The Texas plaintiffs added AutoZone as a defendant a few months later, on the theory that AutoZone sold a ball joint assembly that was placed in the van and led to the death and injuries. Specifically, the plaintiffs alleged that AutoZone was negligent in (1) failing to sell the proper ball joint assembly used in repairing the van and (2) failing to warn of the consequences of installing an improper ball joint assembly. The ball joint at issue was manufactured by Dana Corporation (“Dana”) and sold by Dana to AutoZone.
 

 In March 2003, AutoZone brought Dana into the Texas lawsuit as a third party defendant. AutoZone alleges claims for statutory and contractual indemnity against Dana. Dana cross-claims against AutoZone for breach of the Vendor Agreement. The Vendor Agreement is the contract that formed the basis of the business relationship between the vendor, Auto-Zone, and the manufacturer, Dana. The Vendor Agreement provides, in part, for indemnification of AutoZone by Dana in certain events related to claims alleging defects in products sold by Dana to Auto-Zone.
 

 In July 2003, AutoZone, with its other insurers, Liberty Mutual Insurance Company (“Liberty”) and Westport Insurance Corporation (“Westport”), settled with the Texas plaintiffs. Subsequently, the Texas plaintiffs added Dana as a defendant in their claims as well. Dana settled with the Texas plaintiffs on January 20, 2004. In the Texas case, AutoZone continues to assert a claim for statutory indemnity against Dana pursuant to Texas law, and AutoZone and Dana assert claims against each other for breach of the Vendor Agreement.
 

 Hartford provides primary insurance coverage to Dana as the named insured under Hartford Policy No. 45 JSE H 17869 SI (“the Hartford Policy”). Effective June 1, 2001, AutoZone was named as an additional insured under the Hartford Policy. Allianz Insurance Company (“Al-lianz”)
 
 [3]
 
 provides excess coverage. Among other exclusions and limitations, the Hartford Policy states that the insurance does not provide coverage for “... any negligent act or omission by [AutoZone] in connection with demonstration, installation, assembly, servicing or repair operations, or in connection with the selection of the product for the particular application.” (Compl., Ex. C.)
 

 On March 12, 2003, AutoZone made a formal demand for defense and coverage in the Texas action to Hartford and Allianz pursuant to the Hartford Policy. Both parties failed to respond to this demand. Neither Hartford nor Allianz participated in court-ordered mediation in July 2003 in the Texas action.
 

 On September 23, 2003, the Texas court granted AutoZone leave to join Hartford and Allianz, from whom AutoZone claims a
 
 *MLXXXII
 
 direct right to coverage under the policies they issued to Dana. On October 29, 2003, Hartford removed the insurance-related claims pending against it and Allianz to the United States District Court for the Western District of Texas. AutoZone moved to remand.
 

 On January 5, 2004, the Texas court granted partial summary judgment in favor of AutoZone on the issue of whether AutoZone was negligent in association with the sale of the product at issue in the litigation. The Texas action is set for trial on January 19, 2004 on all issues relating to AutoZone’s alleged negligence in connection with the injuries involved. The remaining issues relating to breach of contract and indemnity between AutoZone and Dana are set to be tried later in a separate trial.
 

 Plaintiff filed this complaint in federal court on September 22, 2003. Plaintiff amended its complaint on December 15, 2003, adding Liberty and Westport as defendants.
 
 [4]
 
 Under the Declaratory Judgment Act, Plaintiff asks the Court to adjudicate several aspects of its rights and responsibilities regarding AutoZone and claims made in the Texas action.
 
 [5]
 

 Defendant filed this motion to dismiss on October 24, 2003 and supplemented it on November 7, 2003. Plaintiff responded on December 15, 2003. Defendant replied on December 22, 2003 and filed a notice advising the Court of the status of the Texas litigation on February 9, 2004.
 

 II. Legal Standard
 

 The Declaratory Judgment Act, 28 U.S.C. § 2201, provides parties with the opportunity to request a declaratory judgment in federal district court. “In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought-”28 U.S.C. § 2201(a).
 

 Whether a district court should entertain an action for declaratory relief is a matter within the sound discretion of the district court.
 
 See Poe v. Ullman,
 
 367 U.S. 497, 523-24, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961);
 
 Hollis v. Itawamba County Loans,
 
 657 F.2d 746, 750 (5th Cir.1981). The Supreme Court stated:
 

 In the exercise of their sound discretion to entertain declaratory actions the district courts may not decline on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors,
 
 such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated.
 

 Pub. Affairs Assocs., Inc. v. Rickover,
 
 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604
 
 *MLXXXIII
 
 (1962) (emphasis added). Generally, a court should determine whether the judgment “will serve a useful purpose in clarifying and settling the legal relationships in issue” and whether it “will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.”
 
 Grand Trunk W. R.R. Co. v. Consol. Rail Corp.,
 
 746 F.2d 323, 326 (6th Cir.1984).
 

 In applying the Supreme Court’s test for declaratory judgments, the Sixth Circuit has developed five factors:
 

 (1) whether the declaratory action would settle the controversy;
 

 (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
 

 (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;
 

 (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
 

 (5) whether there is an alternative remedy which is better or more effective.
 

 Id.
 
 (quotations omitted).
 

 III. Analysis
 

 The Court applies the five factors to the instant case to determine whether to entertain a declaratory action. First, the Court considers if a declaratory judgment would settle the controversy between the parties. Although a declaratory judgment on the questions posed by Hartford would settle the controversy as to those particular issues, the parties would still need to litigate other issues in the Texas action. For example, AutoZone states that it plans to add a claim for misrepresentation against Hartford, which would not be resolved by any declaratory judgment here. Also, the scope of the negligence issue, and its partial or total resolution by the Texas court, is an ongoing question that is not specifically addressed by Hartford’s declaratory judgment requests.
 

 Second, the Court considers if a declaratory action would serve a useful purpose in clarifying the legal relations in issue. A declaratory judgment here would reach a resolution on Hartford’s duties to defend, indemnify, and reimburse AutoZone, so legal relations between the parties would be clarified. Under the principles of res judi-cata, the Texas court would be bound by this Court’s pronouncement. At the same time, the Texas action has already resolved some of the legal relations at issue.
 

 Third, federal courts generally decline to exercise jurisdiction where procedural fencing or a race for res judicata is involved. Each party argues that the other is using procedural fencing to achieve a positive judgment. AutoZone claims that, having received notice that AutoZone planned to bring Hartford into the Texas action, Hartford instituted this action to secure an alternative forum. Hartford, on the other hand, claims that, by filing its motion to join Hartford and Allianz in the Texas action one day after Hartford filed this action, AutoZone was itself attempting to avoid litigation in Tennessee. The Court finds AutoZone’s arguments more persuasive. As stated in its original complaint, Hartford clearly had notice that it was about to be joined in the Texas action. (ComplJ 9.) The move to file here so shortly in advance of imminent joinder in Texas appears designed only to commence a race for res judicata or to avoid the Texas courts. Also, the Court notes that the litigation in Texas was not by Auto-Zone’s choice, as it was itself sued as a defendant there. AutoZone, therefore, is not trying to initiate litigation in a forum of its own choice, as is more often involved when procedural fencing occurs. Regardless, procedural fencing is clearly involved in this case on some or each litigant’s part.
 

 
 *MLXXXIV
 
 Hartford attempts to rely on
 
 Northland Insurance Company v. Stewart Title Guaranty Company,
 
 327 F.3d 448 (6th Cir.2008), but that case is distinguishable. In
 
 Northland,
 
 an insured party defended an action in Michigan state court. The insurer then filed a declaratory judgment action in federal court in the Western District of Michigan seeking to determine its obligations under the insurance policy at issue.
 
 Id.
 
 at 451. The Sixth Circuit affirmed the district court’s decision to exercise jurisdiction under the Declaratory Judgment Act, stating in part, “If North-land had no duty to indemnify its insured or to defend them in the state action, then it should not be forced to participate in that action.”
 
 Id.
 
 at 454. The Sixth Circuit, however, emphasized the fact that Northland was never a party to the state court action: “[bjecause Northland was not a party in the state court proceedings, it would not have been bound by the state court’s determination.”
 
 Id.
 
 In this case, while Hartford was not a party to the state court action at the moment it filed its federal court complaint, it has since become a party in Texas, and it clearly had notice at the time of filing its complaint that it was about to be joined in the Texas action. The same issues that are involved here are also involved in the Texas action, and litigation has proceeded considerably there. This is not a situation where Hartford would not be bound by judgments in the state action; instead, Hartford is directly and thoroughly involved in binding litigation there.
 

 Fourth, principles of federalism direct against issuing a declaratory judgment when such a judgment would increase friction between federal and state courts or improperly encroach upon state jurisdiction. The Court considers three factors on this prong: (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates resolution of the declaratory action.
 
 Id.
 

 A large source for friction between this Court and the Texas state court is the potential for inconsistent judgments. Similar issues are directly before each court, and there is no assurance that the courts will resolve those issues similarly. As the Texas court has had jurisdiction over this case for significantly longer than has this Court, the potential for encroachment upon the Texas court’s jurisdiction is large. While Hartford and Allianz did sever the insurance-related claims and remove them to federal court in Texas, thus reducing the federal-state friction, a motion to remand those issues is still pending, and it is unclear that those issues are so separable from the remainder of the ease that the parties will be able to try them in separate forums.
 

 The Texas court is in a better position to evaluate the factual issues involved: significant discovery has already occurred there, and the Texas court is more intimately involved in that discovery than is this Court. Also, the Court deems the underlying factual issues to be important to an informed resolution of this case. While the Hartford Policy’s language may provide the contractual basis for liability here, the facts surrounding AutoZone’s negligence will be determinative as to the duties owed to AutoZone by Hartford. As the Texas court has already granted partial summary judgment on the negligence issue, the facts relating to those issues are clearly better handled by that court. This Court’s attempt to interpret the Texas court’s order on that issue could lead to further encroachment on that court’s juris
 
 *MLXXXV
 
 diction. Furthermore, no federal law is involved in this action. While there is a dispute as to which state’s law controls interpretation of the Hartford Policy, it is clear that Texas law controls at least some part of the controversy. AutoZone asserts a Texas statutory claim against Hartford, and Hartford requests declaratory judgment in part as to its potential liability under Texas law.
 

 Fifth, the Court considers whether there is an alternative remedy that is better or more effective than the declaratory action. Efficiency concerns clearly lean toward adjudication in the Texas court. The parties already completed significant litigation there, and repeating any aspects of that litigation would only waste their resources. There is certainly no substantive reason for duplicative litigation. Furthermore, as to any Texas state law issues involved, the Texas court is a better forum for their adjudication. Finally, while any decisions between the parties in the Texas case would be res judicata in this case, the Texas court will have more familiarity with its own orders and is therefore better positioned to administer them further.
 

 After looking to the five factors, the Court finds that this is an inappropriate setting for a declaratory action, when the case is already proceeding promptly within the Texas state system. No useful purpose would be served by maintaining parallel lawsuits on similar or identical issues.
 

 This decision is consistent with the United States Supreme Court’s vision of declaratory judgments. The Court has stated:
 

 “[tjhere is ... nothing automatic or obligatory about the assumption of ‘jurisdiction’ by a federal court” to hear a declaratory judgment action. By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court’s quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.
 

 Wilton v. Seven Falls Co.,
 
 515 U.S. 277, 286-88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citations and footnote omitted). Under the sound discretion recognized by the Supreme Court, the Court declines to grant declaratory relief.
 

 Having granted the motion, the Court declines to address Defendant’s other arguments.
 

 IV. Conclusion
 

 For the reasons stated herein, this action is inappropriate for declaratory judgment proceedings before this Court. Accordingly, the Court GRANTS Defendant’s motion for dismissal as to Auto-Zone.
 

 [1]
 

 . Liberty Mutual Insurance Company and Westport Insurance Corporation did not join in AutoZone's motion to dismiss, and therefore the Court only addresses AutoZone in its analysis.
 

 [2]
 

 . Facts are taken from Plaintiff's complaint and amended complaint and the materials submitted on this motion to dismiss.
 

 [3]
 

 . Allianz’s motion to intervene in this case is currently pending before the Court.
 

 [4]
 

 . Liberty and Westport are not parties to the Texas action.
 

 [5]
 

 . Specifically, Plaintiff asks the Court to declare that (1) AutoZone is not entitled to any defense or indemnity benefits under the Hartford Policy in connection with claims asserted against AutoZone in the Texas action; (2) Hartford had no duty to defend the claims asserted against AutoZone in the Texas action; (3) Hartford has no liability for the monies paid by AutoZone, Liberty, and West-port to settle the claims asserted against Auto-Zone in the Texas action; (4) Liberty Mutual and Westport have no right of recovery of any monies paid by them to settle the claims asserted against AutoZone in the Texas Action; (5) AutoZone has no right to recover from Hartford any monies paid on its behalf by Liberty Mutual and Westport; (6) Hartford is not liable to AutoZone for any penalties or extra-contractual damages under any common law or statutory theory. Plaintiff also requests attorney’s fees and costs.