NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0548n.06
No. 09-5705

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ASSURANCE COMPANY OF AMERICA,

 Plaintiff-Appellee,

v.

CONTINENTAL DEVELOPMENT &
CONSTRUCTION, INC.;
NICK PSILLAS; DEBBIE PSILLAS,

 Defendants,

and

THOMAS C. MCCORD; ELAINE E.
MCCORD,

 Defendants-Appellants.

              /

**FILED**
**Aug 26, 2010**
LEONARD GREEN, Clerk

On appeal from the United States
District Court for the Middle District
of Tennessee

BEFORE:  MARTIN, RYAN, and KETHLEDGE, Circuit Judges.

 RYAN, Circuit Judge.   This declaratory judgment case involves a dispute over

the application of an exclusion provision in an insurance contract. Thomas and Elaine

McCord originally filed a complaint in a Tennessee state court against Continental

Development & Construction, Inc., alleging that Continental improperly built their home in

violation of relevant building code provisions. The McCords obtained a jury verdict against

Continental and its owners. Continental's insurer, Assurance Company of America, then

filed a declaratory judgment action in federal district court on the grounds of diversity

jurisdiction, alleging that it had no duty to indemnify Continental because of a provision in

Assurance's policy which excluded coverage for any expected or intended damage.  The

district court granted summary judgment in favor of Assurance, and the McCords appealed

to this court.  We think the district court did not abuse its discretion in exercising

declaratory judgment jurisdiction and, having done so, did not err in granting summary

judgment for Assurance.

## I.

The district court's opinion gives the relevant background of this case:

> On March 25, 1999, the defendants, Thomas C. McCord and Elaine E. McCord (the "McCords"), purchased a house located at 3156 Vera Valley Drive in Franklin, Tennessee, from the builder, Continental Development and Construction, Inc. ("Continental").

> Five years later, on March 24, 2004, the McCords sued Continental, Continental's sales agent, and Nicholas and Debbie Psillas, the two individuals allegedly operating Continental, in the Circuit Court for Williamson County, Tennessee.  The McCords asserted, among other things, claims of negligence, fraudulent misrepresentation, negligent misrepresentation, violations of the Tennessee Consumer Protection Act, and breach of contract.  At the factual core of the McCords' complaint was the allegation that, due to alleged defects in the design and construction of the home, rainwater had been allowed to accumulate in a hidden space under the front steps and entrance to the home, which created an environment in which at least three different types of toxic mold had grown and caused damage to the home and illness to the McCords.  The McCords also alleged that the defendants knew the property was not designed and constructed to the relevant building code standards and that the defendants made intentional misrepresentations about the home's compliance with those building code standards in order to induce the McCords to purchase the property.

> On September 13, 2005, the Williamson County court granted in part and denied in part the defendants' motion for summary judgment with respect to the McCords' claims.  Specifically, the court found that, since the McCords' complaint was filed more than five years after substantial completion of construction of the home, the McCords were required to prove fraud or wrongful concealment as provided by the Tennessee statute of repose to establish their causes of action for negligent construction, fraudulent misrepresentation, and breach of contract.  Subsequently, on

October 10, 2005, the McCords were permitted to amend their complaint to add Corinthian Custom Homes, Inc. ("Corinthian"), Continental's corporate alter ego, as a party. On December 18, 2006, the McCords were permitted to again amend their complaint to add claims of actual and constructive fraud because, the McCords alleged, the defendants had fraudulently concealed both that the home was not built to code standards and that the home was not properly constructed.

On September 14, 2007, the jury returned a verdict in favor of the McCords in the Williamson County litigation. Specifically, the jury found that Continental committed actual fraud through an intentional misrepresentation and that the McCords were entitled to compensatory damages in the amount of $425,000 to Elaine McCord and $100,000 to Thomas McCord. The parties subsequently stipulated that any judgment entered against Continental is collectable against the assets of Corinthian. Corinthian has appealed the judgment to the Tennessee Court of Appeals, and the McCords state that they intend to cross-appeal the Williamson County court's finding that the defendants did not violate the Tennessee Consumer Protection Act and did not engage in constructive fraud. On February 8, 2008, however, Corinthian filed for Chapter 11 bankruptcy protection in the U.S. Bankruptcy Court for the Middle District of Tennessee and, as a result of that proceeding, a stay was imposed on the appeal.

On July 22, 2008, litigation commenced in this court when Assurance Company of America ("Assurance") filed a declaratory judgment action, asking the court to declare that the insurance policy that Assurance issued to Continental, which covered the period from September 19, 1998 to September 19, 1999, does not require Assurance to indemnify Continental for the McCords' injuries or to defend Continental in the Williamson County litigation. Assurance asserts that the policy does not require it to indemnify or defend Continental to the extent that the policy contains an "expected or intended injury" exclusion that excludes from coverage "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured."

Assurance Co. of America v. Cont'l Dev. & Constr., Inc., No. 3:08-cv-0711, at 2-4 (M.D. Tenn. June 8, 2009) (citations and footnote omitted).

On January 30, 2009, the McCords filed a motion to dismiss the case, contending that the district court should decline to hear the declaratory judgment action because a declaratory judgment would not settle the controversy or clarify the legal relations between

the parties, because some matters were still pending in other legal proceedings, and because this action allegedly raised unresolved questions of Tennessee law.  Assurance opposed the motion, and on February 3, 2009, filed its own motion for summary judgment, arguing that there were no material facts in dispute and that it was entitled to summary judgment as a matter of law.  On June 8, 2009, the district court denied the McCords' motion to dismiss and granted Assurance's motion for summary judgment.  The McCords then filed this appeal.

## II.

The first question is whether the district court abused its discretion in considering the declaratory judgment action.  See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 554 (6th Cir. 2008).  "'Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment.'"  Id. (quoting Tahfs v. Proctor, 316 F.3d 584, 593 (6th Cir. 2003)).

> The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Id. (quoting 28 U.S.C. § 2201) (ellipsis and emphasis in original).  District courts have "substantial discretion to exercise jurisdiction" over declaratory judgment actions.  Id.

> In considering whether a district court properly exercised this discretion, we have focused on the five factors first articulated in Grand Trunk W. R.R. Co. v. Consol. Rail Co.:
>
> (1)    whether the declaratory action would settle the controversy;
>
> (2)    whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

> (3)     whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
>
> (4)     whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5)     whether there is an alternative remedy which is better or more effective.

Id. (quoting Grand Trunk W. R.R. Co. v. Consol. Rail Corp., 746 F.2d 323, 326 (6th Cir. 1984)).

We have taken into account the reasons the McCords present in support of their argument that the district court should not have exercised jurisdiction over this declaratory judgment action, but we are satisfied that the court properly considered the five Grand Trunk factors and did not abuse its discretion in deciding to exercise jurisdiction.

The second issue is whether the district court erred in granting summary judgment in favor of Assurance. We review a district court's grant of summary judgment de novo. Int'l Union v. Cummins, Inc., 434 F.3d 478, 483 (6th Cir. 2006). Summary judgment is proper where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2).

The Tennessee Supreme Court has announced the legal standard governing exclusion provisions of the kind included in Assurance's policy: "[I]n order to find that an intended or expected acts exclusion applies, it must be established that the insured intended the act and also intended or expected that injury would result." Tennessee

Farmers Mut. Ins. Co. v. Evans, 814 S.W.2d 49, 55 (Tenn. 1991) (emphasis in original).

The Tennessee Supreme Court goes on to explain:

> These are separate and distinct inquiries because many intentional acts produce unexpected results and comprehensive liability insurance would be somewhat pointless if protection were precluded if, for example, the intent to cause harm was not an essential (and required) showing. See 7A J. Appleman, Insurance Law and Practice § 4501.09 at 263 (1979). The intent itself may be actual or inferred from the nature of the act and the accompanying reasonable foreseeability of harm. It is immaterial that the actual harm was of a different character or magnitude or nature than that intended.

Id. (emphasis added).

In its order granting summary judgment for Assurance, the district court concluded that both the trial record and the jury verdict demonstrated that the builder, Continental, knew that the house was not constructed in compliance with the building code and nevertheless made intentional misrepresentations to the McCords in order to induce them to purchase the home. The district court ruled that this satisfied the first prong of the test set out in the Evans case, "that the insured intended the act." See id. The district court then held that the second prong of the Evans test, that the insured "intended or expected that injury would result," was also satisfied because injury from the building code violations and from the builder's intentional conduct was reasonably foreseeable and to be expected. See id.

After a review of the parties' arguments on appeal, we find that the district court's conclusion is supported in the record and that its reasoning is sound. At trial, the jury found that Continental had intentionally built a house with many code violations. There was testimony at the trial that Continental knew the house was poorly built and was leaking

water, did not correct the water problem but merely covered it up, and intentionally misrepresented the condition of the house to the McCords. Though Continental may not have specifically intended to harm the McCords, it was reasonable for Continental to expect that injury could occur as a result of its intentional acts. We find no error in the district court's conclusion that the "expected or intended injury" exclusion provision applies, and that Assurance is not obligated to indemnify or defend Continental. The district court correctly ruled that Assurance is entitled to summary judgment as a matter of law.

### III.

We **AFFIRM** the judgment of the district court.