AETNA CASUALTY & SURETY
COMPANY, Plaintiff–
Appellee,

v.

SUNSHINE CORPORATION, et
al., Defendants–Appellants.

No. 94–6058.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 16, 1995.

Decided Jan. 24, 1996.

Clifford D. Pierce, Jr. (argued) and Philip E. Mischke (briefed), Wyatt, Tarrant & Combs, Memphis, TN, for Plaintiff–Appellee.

Stephen H. Biller, Baker, Donelson, Bearman & Caldwell, Memphis, TN, Fred M. Randolphi (argued and briefed), and James F. Humphreys (briefed), Humphreys, Dunlap, Wellford, Acuff & Stanton, Memphis, TN, for Defendants–Appellants.

Before: LIVELY, NELSON, and SUHRHEINRICH, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This is an appeal from a declaratory judgment that decided a question of insurance coverage.

Claiming violations of the federal Fair Credit Reporting Act, among other things, two former tenants of a landlord that was insured by the plaintiff insurance company sued the landlord in federal court. The insurance company subsequently brought the present declaratory judgment action in the same court, contending on the basis of a policy exclusion for injuries "arising out of the willful violation of a penal statute" that the policy did not obligate the company to defend and indemnify the landlord. The district court accepted this contention and granted summary judgment to the insurer.

Two issues are presented on appeal: (1) whether the discretionary jurisdiction conferred by the Declaratory Judgment Act should have been exercised in this case, and (2), if so, whether coverage was excluded under the terms of the policy. We conclude that the exercise of jurisdiction was appropriate, but we shall remand the case for further proceedings on the merits.

I

According to a class-action complaint filed by Joseph and Jill Crocker against defendant Sunshine Corporation in the United States District Court for the Western District of Tennessee, the Crockers had been tenants in a large Memphis apartment complex owned and operated by Sunshine. After they vacated their apartment, the Crockers alleged, Sunshine told them they owed $994.12 for damage to carpeting that had to be replaced. The Crockers denied liability.

Thereafter, the Crockers' complaint averred, Sunshine wrongfully executed a "sworn account" affidavit in furtherance of its collection efforts; transmitted the affidavit by mail or wire, in violation of federal fraud statutes; and obtained and used a confidential credit report in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., all as part of an unlawful pattern of racketeering activity violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. The Crockers' complaint also alleged that Sunshine had been guilty of "outrageous conduct" resulting in "injuries for invasion of privacy, mental anguish, [and] embarrassment...." The Crockers sought damages of $30 million on behalf of themselves and the purported class.

As an insured under a commercial general liability policy issued by Aetna Casualty and Surety Company, Sunshine notified Aetna of the lawsuit within a few days. Aetna disclaimed coverage but assumed the defense under a reservation of rights. Several

months later Aetna commenced the present declaratory judgment action against Sunshine and a corporate affiliate in the United States District Court for the Western District of Tennessee.

Sunshine moved for a stay of the declaratory judgment action pending a ruling on a summary judgment motion it had filed in the Crockers' action. The district court denied the stay. The parties then filed cross-motions for summary judgment in the declaratory judgment case. The district court granted Aetna's motion, reasoning that the Crockers' complaint clearly alleged a willful violation of the FCRA; that such a violation of the statute would support a criminal conviction, as well as civil liability; and that because the civil damage claim turned on willful violation of a penal statute, the policy exclusion for injuries "arising out of the willful violation of a penal statute" relieved Aetna of any obligation to provide Sunshine a defense and indemnification. The court disposed of the case without reaching the issue of whether the Crockers had alleged any "injury" of a sort that would have triggered coverage but for the exclusion. A motion for reconsideration was denied, and this appeal followed.

## II

■ It is well settled that jurisdiction to grant relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, is discretionary. *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir.1984). Although Sunshine did not raise this issue below, it now contends that the district court should have declined to exercise jurisdiction here. We do not find the contention persuasive.

■ The general tests applied in determining whether to exercise jurisdiction in a declaratory judgment action are whether the judgment "will serve a useful purpose in clarifying and settling the legal relationships in issue" and whether it "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 326, quoting E. Borchard, *Declaratory Judgments* 299 (2d ed. 1941). In

applying these tests, courts consider the following factors:

"(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for *res judicata;* '

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective." *Grand Trunk,* 746 F.2d at 326.

■ All five of these factors would appear to cut in favor of exercising jurisdiction in the case at bar. A declaratory judgment would probably settle the controversy between Aetna and its insured, and would serve a useful purpose in doing so. The declaratory remedy is not being used here merely for "procedural fencing" or to help win a "race for *res judicata.*" The remedy would not improperly encroach on state jurisdiction, and no better or more effective alternative is at hand.

*Omaha Property & Casualty Ins. Co. v. Johnson,* 923 F.2d 446 (6th Cir.1991), on which Sunshine relies heavily, does not require that jurisdiction be declined here. *Omaha Property* arose from a situation in which the lawsuit against the insured—the lawsuit corresponding to the one brought here by Mr. and Mrs. Crocker—had been filed in state court, not federal court. The underlying lawsuit in *Omaha Property* involved no federal question, moreover, whereas the Crockers rely not only on state tort law but on no fewer than four federal statutes. And as Judge Jones has emphasized, *Omaha Property* does not repudiate the decisions in *Allstate Ins. Co. v. Green,* 825 F.2d 1061 (6th Cir.1987), and *State Farm Fire & Casualty Co. v. Odom,* 799 F.2d 247 (6th Cir.1986), where this court rejected the notion that there is a *per se* rule which prevents the exercise of jurisdiction over any declara-

tory judgment action brought by an insurer to determine a coverage question as to a pending tort suit. See *Omaha Property,* 923 F.2d at 448 (Jones, J., concurring).

Chief Judge Merritt, who wrote the lead opinion in *Omaha Property,* explained in *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir.1986), that such declaratory judgment actions "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." That was done here—and because the instant case was filed in the same court that had jurisdiction over *Crocker,* there was no risk here of the sort of "confusing problems of scheduling, orderly presentation of fact issues and *res judicata*" about which Judge Merritt was concerned in *Manley, Bennett. Id.* at 463. Declaratory judgment jurisdiction was not exercised improvidently in the case at bar.

### III

For purposes of analysis we shall assume, without so deciding, that the injury alleged by the Crockers was of a type that could trigger coverage under the Aetna policy. (The district court did not reach this issue initially, but will need to do so on remand.) If this assumption should prove correct, we think it will be clear that at the very least Aetna has a contractual obligation to provide Sunshine a defense in the Crocker suit. The scattershot attack launched against Sunshine by Mr. and Mrs. Crocker is by no means limited to a claim of willful violation of the FCRA, for one thing. It would be wrong to dispose of the coverage question without considering the "outrageous conduct" claim, *e.g.,* or the mail fraud claim.

■ If there was a violation of the FCRA, moreover, it remains to be seen whether the violation was willful. Although civil liability can arise from the kind of willful misconduct criminalized by 15 U.S.C. § 1681q ("Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined not more than $5,000 or imprisoned not more than one year, or both"), see *Kennedy v. Border City Savings & Loan Ass'n,*

747 F.2d 367 (6th Cir.1984), civil liability can also arise from noncompliance with the FCRA that is merely negligent. See 15 U.S.C. § 1681o, which covers negligent noncompliance by users of credit information. While the Crockers have alleged a willful violation, there are obviously issues of fact to be decided in this regard.

■ It is true that the duty of an insurance company to defend its insured is determined by the allegations of the pleading in which the claim against the insured is asserted. See *Bituminous Fire & Marine Ins. Co. v. Izzy Rosen's, Inc.,* 493 F.2d 257 (6th Cir. 1974). The fact that the allegations of the suit may be groundless does not relieve the insurer of its obligation to provide a defense. But this does not mean that a particular choice of adjectives by the draftsman of a complaint against the insured can deprive the insured of its contractual right to an insurer-provided defense in a situation where the plaintiff could recover a judgment for damages against the insured even if the adjective should prove ill-chosen.

■ The allegations of the pleading filed against Sunshine by Mr. & Mrs. Crocker are such that if certain of the allegations are proved true, the Crockers could recover damages for a non-willful violation of the FCRA. That being so, we do not believe that a policy exclusion for a "willful violation of a penal statute" could vitiate a contractual obligation to defend Sunshine against the FCRA claim.

The FCRA has provisions for both civil and criminal liability. As the district court correctly stated, however, "[t]he mere fact that the statute includes a provision for criminal liability does not ... render the entire FCRA a penal statute." If Sunshine should ultimately be held liable to the Crockers for damages arising from a non-willful violation of a non-penal provision of the FCRA, we do not believe that Aetna should be excused from providing indemnification on the strength of a policy exclusion for "willful violation of a penal statute." If, on the other hand, the Crockers should ultimately recover a money judgment based on Sunshine's having knowingly and willfully obtained a credit

report under false pretenses—a crime under 15 U.S.C. § 1681q—we agree with the district court that a policy exclusion for willful violation of a penal statute would relieve Aetna of any obligation to provide indemnification with respect to such a judgment.

The district court went too far, we believe, in holding—solely on the basis of the policy exclusion—that Aetna had no duty to provide Sunshine a defense in *Crocker* and had no duty to indemnify Sunshine whatever the outcome of *Crocker* might be. The judgment entered by the district court is therefore **VACATED,** and the case is **REMANDED** for further proceedings not inconsistent with this opinion.