91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGIA MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
David CRABTREE; Darlene Crabtree; Citizens Tri-County
Bank, Defendants-Appellees.
 No. 94-6436.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1996.
 
 Before: WELLFORD, NELSON, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Georgia Mutual Insurance Company ("Georgia Mutual") appeals the order of the district court dismissing without prejudice this declaratory judgment action involving an insurance contract. We AFFIRM.
 
 I.
 
 2
 In 1991, David and Darlene Crabtree ("Crabtrees") applied for a homeowner's fire insurance policy from Georgia Mutual through an authorized agent, Johnny Hendrix. Georgia Mutual's standard application form asks applicants to disclose any prior fire losses. In a telephone conversation, Hendrix asked Mrs. Crabtree several questions, including one about the Crabtrees' fire loss history. Mrs. Crabtree contends that she informed Hendrix of a total fire loss in 1985, but that Hendrix said that loss did not need to be included on the application because it was more than five years old. Georgia Mutual counters that Mrs. Crabtree never told Hendrix about the fire. Hendrix did not include this information on the application. Mrs. Crabtree later signed the application without verifying the accuracy of its contents.
 
 
 3
 On August 5, 1993, fire destroyed the Crabtrees' residence, and they submitted a claim for $64,590 to Georgia Mutual. Georgia Mutual refused to pay. On January 31, 1994, Georgia Mutual filed a diversity action against the Crabtrees and Citizens Tri-County Bank, as listed mortgagee, in federal district court, seeking a declaration of their rights and duties under the policy. Georgia Mutual alleged that the policy was void ab initio due to the Crabtrees' failure to disclose the 1985 fire loss on the insurance application. The Crabtrees' answer denied that the policy was void and challenged the district court's subject matter jurisdiction on grounds that Hendrix was an indispensable party whose joinder would destroy diversity of citizenship. Citizens also denied that the policy was void and filed a counterclaim against Georgia Mutual, alleging bad faith failure to pay a claim and seeking payment of the policy proceeds, a bad faith statutory penalty, and punitive damages.
 
 
 4
 On February 25, 1994, the Crabtrees filed a state court action against Georgia Mutual and Hendrix in Tennessee state court, alleging bad faith failure to pay their claim and negligent misrepresentation by Hendrix in filling out the insurance application.
 
 
 5
 On September 20, 1994, the district court entered an order dismissing the federal action without prejudice pursuant to 28 U.S.C. § 2201. This appeal by Georgia Mutual followed.
 
 II.
 A.
 
 6
 At oral argument there was some question whether the order dismissing Georgia Mutual's declaratory action was a final, appealable order under 28 U.S.C. § 1291. Although the order purports to dismiss "this action," neither the order nor its accompanying memorandum expressly references Citizens' counterclaim. Upon Georgia Mutual's request for clarification, the district court responded by memorandum and order "that it was [the court's] intent in its order of September 20, 1994 ... to dismiss all claims and counterclaims asserted ... without prejudice, thus disposing of the entire action."
 
 
 7
 "It is well-settled that the concept of finality for purposes of appellate judicial review is to be given a 'practical rather than technical construction.' " United States v. One 1985 Chevrolet Corvette, 914 F.2d 804, 807 (6th Cir.1990) (citations omitted). Thus, under the circumstances, we conclude that the order should be deemed final and appealable, particularly since neither party has contended otherwise.[1]
 
 B.
 
 8
 The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Ins. Co., 115 S.Ct. 2137, 2143 (1995) (quoting Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952)). District courts therefore have discretion to stay or to dismiss an action seeking a declaratory judgment. Id.; Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942); Aetna Casualty & Sur. Co. v. Sunshine Corp., 74 F.3d 685, 687 (6th Cir.1996). Consequently, our review of the district court is for abuse of discretion. Wilton, 115 S.Ct. at 2144.
 
 
 9
 In determining whether it should exercise jurisdiction in a declaratory judgment action a district court should consider whether the judgment " 'will serve a useful purpose in clarifying and settling the legal relationships in issue' and whether it 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " Sunshine Corp., 74 F.3d at 687 (quoting Grand Trunk W. R.R. Co. v. Consolidated Rail Corp., 746 F.2d 323, 325 (6th Cir.1984) (quoting E. Borchard, Declaratory Judgments 299 (2d ed 1941)). Thus, the court should consider whether (1) the declaratory action would settle the controversy, (2) the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction, (4) the declaratory remedy is being used merely for the purpose of procedural fencing, and (5) there is an alternative remedy which is better or more effective. Id.
 
 
 10
 The district court acknowledged that declaratory relief would settle the controversy and clarify the legal relations between the parties currently before that court, but felt that the state court could provide superior relief. The court also noted that undue friction would result from its resolution of the novel state law issue presented by Georgia Mutual's action; namely, whether a policy which is allegedly void ab initio by reason of misrepresentations in the application, may be deemed valid by operation of law for purposes of paying the policy proceeds to the insured's mortgagee.
 
 
 11
 Upon review we find that the district court did not abuse its discretion. First and foremost, unresolved issues of state law weigh heavily in favor of dismissal. State courts are better situated to identify the public policy considerations that underpin state regulation of insurance, which may be implicated in deciding questions of state law. Omaha Property & Casualty Ins. Co. v. Johnson, 923 F.2d 446, 448 (6th Cir.1991). Second, there is a "parallel" pending state action, i.e., one that will be able to fully adjudicate the controversy between the parties to the declaratory action. Allstate Ins. Co. v. Green, 825 F.2d 1061, 1065 (6th Cir.1987). In fact, the state court can provide a more complete remedy because it can also decide the Crabtrees' tort claim of negligent misrepresentation against Hendrix. As a citizen and resident of Tennessee, his joinder in the federal case as a party plaintiff/counter-defendant would defeat diversity jurisdiction, since the Crabtrees are also Tennessee citizens. Third, this litigation is based entirely on state law and involves no substantive federal law issue. See Brillhart, 316 U.S. at 495 (explaining that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties").
 
 
 12
 Though there is no indication of "procedural fencing" on the part of Georgia Mutual, this factor alone is not sufficient to tip the balance in favor of exercising federal jurisdiction.
 
 
 13
 For all the foregoing reasons, the district court's dismissal of Georgia Mutual's suit is AFFIRMED.
 
 WELLFORD, Circuit Judge, dissenting:
 
 14
 I respectfully dissent. I agree that we have jurisdiction in this appeal. For the following reasons in this case, I would REVERSE and REMAND for further decision by the district court.
 
 
 15
 The Declaratory Judgment Act can be "an extremely useful procedural device for adjudicating disputes concerning insurance." Allstate Ins. Co. v. Green, 825 F.2d 1061, 1064 (6th Cir.1987). The lower court acknowledged this fact, holding that GMIC's declaratory action would settle the controversy and clarify the legal relations between the parties, but decided to defer to the state proceeding because it felt that the same result could be achieved in that proceeding, and thus, that a declaratory judgment would be uneconomical. The lower court further opined that the state court judgment would be more effective than a federal declaratory judgment because complete relief could not be accorded in the federal action as Hendrix was an indispensable party whose joiner would destroy diversity jurisdiction. Moreover, the district court believed that undue friction would result from its resolution of the novel state law issue presented by GMIC's action: whether a policy, which is allegedly void ab initio by reason of misrepresentations by the insured in the application, may be deemed valid by operation of law for purposes of paying the policy proceeds to the insured's mortgagee.
 
 
 16
 In my view, the district court acted too hastily in abstaining in this case. The Supreme Court has held that federal jurisdiction, when properly invoked, should be exercised absent compelling reasons for not doing so. See Meredith v. Winter Haven, 320 U.S. 228 (1943). So holding, the Meredith Court noted that "[t]he diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in federal rather than in the state courts." Id. at 234. In the case at bar, there is no evidence, as the district court noted, that GMIC harbored any improper motive in choosing to file in federal court; GMIC merely exercised its statutory right to choose the federal system over the state system. See State Farm Fire & Casualty Co. v. Odom, 799 F.2d 247, 250 n 1 (6th Cir.1986). Thus, as indicated by Meredith, GMIC's decision to proceed by seeking a declaratory judgment should be accorded substantial weight, especially since there was no pending state court proceeding or conflicting state court decision at the time that GMIC filed its action.
 
 
 17
 On the other hand, a district court may properly decline declaratory judgment jurisdiction in some instances where there exists a related state court proceeding. Nevertheless, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon a state court jurisdiction." Green, 825 F.2d at 1067. Rather, the state proceeding must be determined to be "parallel," i.e., the controversy between the parties to the declaratory judgment action could be fully adjudicated in the state proceeding. Id. at 1065-67; see also Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942) (opining that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties"). To make this determination, the district court:
 
 
 18
 should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.
 
 
 19
 Green, 825 F.2d at 1065 (quoting Brillhart, 316 U.S. at 495); see also American States Ins. Co. v. D'Atri, 375 F.2d 761, 763 (6th Cir.1967).
 
 
 20
 I believe that the district court should further review the timing and circumstances of the state and federal proceedings in this case to determine whether they are actually parallel.[1] In addition to claims between GMIC and the Crabtrees, the federal action involves claims by and against Citizens, which is not a party to the state court proceeding. Although the Crabtrees assert that Citizens could easily be joined in that action, I believe that the district court should address this issue in the first instance. The district court should also specifically inquire as to whether the claims and defenses raised in the federal action can also be effectively presented in the state court action. The district court might also consider whether certifying the novel question of state law to the Tennessee Supreme Court would avoid any perceived friction between the state and federal systems.
 
 
 
 [1]
 We do not, however, approve of the clarification procedure employed by Georgia Mutual for use by future litigants
 
 
 [1]
 Each proceeding names a different party. The district court should consider which one includes, or omits, a necessary or indispensable party and whether this determination affects jurisdiction