**Robert Dean GRIMM, Jr., Plaintiff,**

v.

**Kimberly K. SHROYER, et al., Defendants.**

**No. CIV. A. 98–48.**

United States District Court, E.D. Kentucky, Lexington Division.

Feb. 17, 1999.

---

967

Don S. Sturgill, Douglas L. McSwain, Bryan Howard Beauman, Sturgill, Turner, Barker & Maloney, PLLC, Lexington, for Robert Dean Grimm, Jr., plaintiff.

William D. Tingley, Louisville, KY, William Lacy Hoge, III, Louisville, KY, for Kimberly K. Shroyer, defendant.

John R. Tyler, Carole A. Jeandheur, U.S. Department of Justice, Civil Division, Washington, DC, for Janet Reno, defendant.

## OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court upon Defendant Kimberly K. Shroyer's motion to dismiss [Record No. 6], Defendant Shroyer's motion for court to abstain from exercising jurisdiction [Record No. 7], Defendant Shroyer's motion for court to stay its proceedings pending state court resolution of issues [Record No. 8], and Defendant Janet Reno's motion to dismiss [Record No. 12]. The parties have filed supporting and opposing memoranda and the motions presented are now ripe for the Court's determination.

## I. FACTUAL BACKGROUND

Since 1995, Plaintiff Robert Grimm and Defendant Kimberly Shroyer have been involved in a child custody dispute currently pending in Family Court in Jefferson County, Kentucky (the "Family Court Action").[1] According to Plaintiff herein, the parties had reached a resolution regarding the custody and visitation issues raised in the Family Court Action as a result of court-ordered mediation, but there remained an issue as to the amount of child support and attorneys' fees Plaintiff would pay. Defendant Shroyer thereafter obtained new counsel who raised a number of new issues of alleged violence by Plaintiff against Defendant. This new counsel allegedly demanded a large sum of money to resolve the remaining issues in the Family Court Action. If the matter could not be settled, Defendant Shroyer indicated to Plaintiff she would file a motion to amend her complaint to include claims under the Violence Against Women Act, 42 U.S.C. §§ 13981, *et seq.* (hereinafter "VAWA"). Defendant Shroyer filed that motion with the Jefferson Family Court on January 29, 1998.

Shortly thereafter, on February 2, 1998, Plaintiff filed this declaratory judgment action. In his Complaint, Plaintiff alleges that the Jefferson Family Court is not a proper forum to hear VAWA claims. Plaintiff also alleges that Defendant Shroyer only filed the VAWA claims in the Family Court Action to harass Plaintiff, to force Plaintiff to unnecessarily incur expenses defending against the improper claims, and to gain an improper advantage in family matters which are properly pending in the Jefferson Family Court.

At the time the complaint was filed here, the Jefferson Family Court had not ruled on Ms. Shroyer's motion to amend her complaint to include the VAWA claims. Subsequent to the filing of the pending motions, however, the Jefferson Family Court overruled Defendant Shroyer's motion to amend her complaint to add the VAWA claims.

In the present action, Plaintiff seeks the following declarations: (1) that the VAWA is unconstitutional; (2) that the VAWA is inapplicable to Plaintiff's conduct as alleged by Defendant Shroyer in the Family Court Action, both because the VAWA is not retroactive and because Plaintiff's conduct does not fall within the VAWA; and (3) that Plaintiff did not violate certain state criminal statutes and common law torts in his actions toward Shroyer. Plaintiff also seeks an injunction prohibiting Defendants from prosecuting any allegations against Plaintiff under the VAWA.

## II. DEFENDANTS' MOTIONS TO DISMISS

Both Defendant Shroyer and Defendant Reno have filed motions to dismiss this action.[2] In sum, the Defendants argue that this case should be dismissed because it is not justiciable. Specifically, they argue that this Court does not have jurisdiction because the "case or controversy" requirement of Article III is not met, as the existence of a federal question is hypothetical. They argue that the case is not ripe for adjudication, that Plaintiff has not suffered any injury-in-fact, and that any potential injury to Plaintiff is neither imminent nor redressable.

Defendants also argue that this Court should abstain from hearing this case based upon policy considerations and the doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). They also urge the Court, in its discretion, to decline to exercise its jurisdiction under the Declaratory Judgment Act pursuant to the factors enumerated in *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 276 (6th Cir.1990), and its progeny.

### 1. *Justiciability Doctrines*

The Defendants in this case have raised questions regarding several central justiciability concepts: standing, ripeness, and advisory opinions. Defendants argue that Plain-

---

1. In the Family Court Action, the plaintiff herein is the respondent and Ms. Shroyer, a defendant herein, is the petitioner.

2. Although the Defendants have filed separate motions, they both raise several of the same issues. Therefore, the Court will discuss the arguments without reference to a particular defendant's motion.

tiff's alleged injury is neither imminent nor redressable. According to Defendants, the only injury alleged by Plaintiff was having to defend against VAWA claims filed in the Family Court Action, which Plaintiff contends are unfounded and filed solely to harass him. Since the Jefferson Family Court has denied Defendant Shroyer's motion to include the VAWA claims, Defendants argue that she is now prevented from taking the action complained of by Plaintiff.[3]

As noted by Defendants, "[a] plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Michigan State Chamber of Commerce v. Austin*, 788 F.2d 1178, 1184 (6th Cir.1986). In the present case, Defendants argue there is absolutely no danger that Plaintiff will suffer any injury due to the operation or enforcement of the VAWA, since the Jefferson Family Court has held it will not permit Defendant Shroyer to file such claims in that action. Further, Defendants argue that the expense of having to defend oneself against a lawsuit, even a purportedly groundless one, does not constitute a cognizable Article III injury. Here, Plaintiff only faces the mere *possibility* of having to defend against VAWA claims. Therefore, his injury is speculative at best.

Defendants also argue that the injury alleged by Plaintiff is not redressable because the relief Plaintiff seeks-a declaratory judgment that the VAWA is unconstitutional-does not relieve Plaintiff of the burden of defending himself; it simply changes the forum in which he must defend himself. In sum, the Defendants contend that the case is not ripe for adjudication, particularly in light of the Jefferson Family Court's recent ruling.

Plaintiff responds that he meets the injury-in-fact requirement and that this case is ripe because the threat of VAWA litigation in the Family Court Action was "very specific, identifiable and concrete." Plaintiff states that in this case, there is no doubt that Defendant Shroyer's threat to file VAWA claims creates an "immediate and real" potential for injury. According to Plaintiff, his injury stems from Defendant Shroyer's bad faith use of an unconstitutional law against Plaintiff as a negotiating instrument, seeking Plaintiff's relentment of previously agreed upon issues in the Family Court Action. A declaratory judgment by this Court would redress that injury by eliminating any possibility that the VAWA could be used against Plaintiff in such an illegal fashion. Plaintiff argues that the threat of having VAWA claims used against him in the Family Court Action constitutes an immediate and real injury to him, clearly rising to the level of ripeness and that Defendants' argument that Shroyer's threatened actions do not amount to a "ripe" case are frivolous. Plaintiff also argues that the order of the Jefferson Family Court denying Defendant Shroyer's motion to amend her petition establishes that a justiciable controversy exists in this case.[4]

In order to have standing to maintain this action, Plaintiff must show that (1) he has suffered an injury that is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury alleged and the conduct complained of; and (3) the injury can be redressed by a favorable determination by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The standard is no less in a declaratory judgment action. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937) ("The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are

---

3. In briefs filed with this Court prior to the Jefferson Family Court's decision denying Defendant Shroyer's motion to amend her petition, the Defendants also argued that any potential injury to Plaintiff was not imminent at that point, since it was by no means certain that the injury alleged by Plaintiff-having to defend himself against the VAWA claims-would occur.

4. The Jefferson Family Court, in its order, states that "it is evident to the Court that in light of the nature of the claim set forth in [Defendant Shroyer's] Amended Motion, the grounds for judicable [sic] controversy do exist." However, the specific issue of justiciability was not presented to nor analyzed by that court. Regardless, such a determination by the Jefferson Family Court is not binding on this Court.

such in the constitutional sense."); *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir.1997).

The Court must also keep in mind the two-part test set forth in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), for determining whether pre-enforcement review is appropriate: (1) fitness for judicial decision; and (2) hardship to the parties of withholding the Court's determination.[5] As noted by the Sixth Circuit in *National Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir.1997), first prong of the *Abbott Laboratories* test requires a determination as to whether the factual record is sufficiently developed to produce a fair adjudication on the merits of the claims presented. *Id.* The determination of whether a case is ripe for decision is within this Court's discretion. *Id.; Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir.1985).

█ The Court notes that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 (6th Cir.1997). In order to determine whether it is appropriate for this Court to hear Plaintiff's "pre-enforcement challenge" to the VAWA, the Court must determine the following:

> (1) whether the plaintiff has standing-whether he is the proper party to request an adjudication of a particular issue, because he has suffered a concrete injury-in-fact; (2) whether a particular challenge is brought at the proper time and is ripe for pre-enforcement review; and (3) whether the issue currently is fit for judicial decision.

*Magaw*, 132 F.3d at 280. While a declaratory relief is often sought before a completed injury-in-fact has occurred, a plaintiff is still required to demonstrate actual present harm or a significant possibility of future harm to justify pre-enforcement relief. *Id.* at 279.

The Court turns to Plaintiff's pleadings to discern the nature of his alleged injury. In his Complaint, Plaintiff alleges that Defendant Shroyer was "intentionally filing the alleged [VAWA] claims ... to harass Plaintiff and make Plaintiff unnecessarily incur expenses to defend against such an improper filing to gain an improper advantage in the family matters which do properly pend in that Court." Compl. ¶ 12. In responses to Defendant Shroyer's and Defendant Reno's motions, Plaintiff states that "[i]n this case, there can be no doubt that Defendant Shroyer's threat to file claims alleging violations of the [VAWA] create an 'immediate and real' potential for injury." Pl.'s resp. to Deft. Shroyer's mot. at 2–3; Pl.'s resp. to Deft. Reno's mot. at 2. He also states that "[t]his threat [to raise federal VAWA claims in the Family Court Action] must constitute an immediate and real potential for injury, clearly rising to the level of 'ripeness' ..." Plf.'s resp. to Deft. Shroyer's mot. at 5–6; Pl.'s resp. to Deft. Reno's mot. at 5. Plaintiff later states that his "injury is the use of an unconstitutional law against him as a *negotiating instrument* and a threat ...." Pl.'s resp. to Deft. Reno's mot. at 7 (emphasis in original). He seeks a declaration from this Court to stop Defendant Shroyer from using the VAWA claims as a negotiating instrument in the Family Court Action.

█ If Plaintiff's injury is having to defend against threatened VAWA claims in the Family Court Action, the Jefferson Family Court eliminated that threat by its order denying Defendant Shroyer's motion to amend her petition to include such claims. Therefore, a declaration by this Court that the VAWA is unconstitutional will not in any way redress Plaintiff's alleged injury of having to defend against those claims. *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130. The Court also finds that Plaintiff's issue with respect to VAWA claims that could be brought in the Family Court Action is now moot, since any relief that this Court could grant has been forestalled by the Jefferson Family Court's order denying Defendant Shroyer's motion to amend her petition to include those claims. *See, e.g., Jews for Jesus, Inc. v. Hillsborough County Aviation*

---

**5.** Although this test is most often used to determine ripeness in the face of potential *criminal* enforcement, it is useful and instructive in this context as well.

*Authority,* 162 F.3d 627, 629 (11th Cir.1998) (holding that a case is moot where events subsequent to the commencement of a lawsuit create a situation in which the court cannot provide meaningful relief). The Court cannot provide meaningful relief to Plaintiff with respect to VAWA claims which might be raised in the Family Court Action.

If Plaintiff's injury is the use of the threat of VAWA claims as a negotiating instrument in the Family Court Action, then that threat has also been eliminated by the Jefferson Family Court's ruling. Further, Plaintiff himself admits in his pleadings that Defendant Shroyer is not serious about pursuing the VAWA claims in the Family Court Action. As he stated in his response to Defendant Shroyer's motion,

> In this case, it is obvious Defendant Shroyer had no intention in having her VAWA claims litigated in Jefferson Family Court, but rather sought to use them ... as a bargaining tool in the settlement of the child support issue. If Defendant Shroyer were serious about the pursuit of this discrimination claim against the Plaintiff, she would have filed suit in a court that she *knows* has the constitutional and statutory authority to hear the case, and not attempt to extort the Plaintiff for his relentment of previously settled issues before the Family Court and for his payment of a multi-million dollar cash payment (far and above any reasonable sum for child support).

Pl.'s resp. to Deft. Shroyer's mot. at 23 (emphasis in original). Therefore, it appears from Plaintiff's pleadings that even he does not take Defendant Shroyer's threat seriously. A declaration from this Court that the VAWA is unconstitutional would not stop Defendant Shroyer from using VAWA as a negotiating tool in the Family Court Action, as the Jefferson Family Court has already accomplished that goal. Therefore, a declaration by this Court will not redress this alleged injury.[6]

In sum, to the extent Plaintiff's alleged injury relates to any VAWA claims that might be brought in the Family Court Action, this Court finds that those claims are not justiciable for the reasons and under the authority set forth above. However, Plaintiff also alleges injury in that Defendant Shroyer may use VAWA claims in *another* forum, either state circuit court or federal court to gain a strategic advantage. Plaintiff, therefore, seeks a declaration that such a use would be unconstitutional.

■ While the test set forth in *Abbott Laboratories, supra,* and its progeny is not squarely on point, it is useful in this declaratory judgment context to determine whether this particular claim is ripe.[7] Applying this test to the instant case, the Court finds that Plaintiff's claims are not fit for judicial review at this time. Specifically, the factual record is not sufficiently developed to produce a fair adjudication on the merits of the claim presented. Plaintiff asks this Court to rule not only on the constitutionality of the VAWA, but also to declare that the VAWA is inapplicable to Plaintiff's alleged actions, that Plaintiff has done nothing to violate the criminal laws of the Commonwealth of Kentucky or any common law tort. There is nothing in the record that would permit this Court to make these determinations. Further, the parties have not indicated to the Court that the record in the Family Court Action is sufficiently developed to permit this Court to rule as Plaintiff desires. *Magaw,* 132 F.3d at 280 (holding court must consider "whether the issue *currently* is fit for judicial decision") (emphasis added). Therefore, Plaintiff's remaining claim will be dismissed because it is not fit for judicial resolution.

Further, under the second prong of the *Abbott Laboratories* test, the Court must also consider the hardship to the parties of withholding court consideration. Plaintiff seeks a declaration that the VAWA is unconstitutional so that Plaintiff will not be forced to defend against VAWA claims Defendant Shroyer might bring in another court. The Court finds that it will not impose an undue

---

**6.** This issue was also rendered moot by the Jefferson Family Court's order for the reasons set forth above.

**7.** In its responsive pleadings, Plaintiff has invited the Court to rely on the test set forth in *Abbott Laboratories* to find that his claims are ripe. *See* Pl.'s resp. to Deft. Shroyer's mot. at 2.

hardship upon the parties if the issue is not considered at this time. As noted above, it appears that Plaintiff does not take Defendant Shroyer's threats to file VAWA claims seriously. Further, Plaintiff has not put forth any evidence or facts that would indicate Defendant Shroyer has threatened to file the VAWA claims in any court other than the Jefferson Family Court. Rather, Plaintiff states that "to this date, [Defendant Shroyer] still has not sought the filing of these claims in a proper state circuit court, instead, she only waives in Plaintiff's face the possible joinder of her claims in Family Court ...." Pl.'s resp. to Deft. Reno's mot. at 13; *see also id.* at 12 ("[I]t is obvious Defendant Shroyer never sought to have these VAWA claims litigated by a proper state court, and she only wants to taunt the Plaintiff with the threat of suit in hopes of causing a more favorable settlement of the remaining issues in the *custody* case ....") (emphasis in original). Therefore, the prospect of further litigation by Defendant Shroyer is only conjectural at this point. The possibility that Defendant Shroyer may file a VAWA claim against Plaintiff in another court sometime in the future is simply not a sufficient enough threat to necessitate this Court granting the relief requested. Therefore, Plaintiff's claim will be dismissed on this basis, as well.[8]

To conclude, this Court finds that Plaintiff's claims are not justiciable and should be dismissed, as this Court lacks jurisdiction over them.

### 2. *Discretionary Jurisdiction Under the Declaratory Judgment Act*

■ There is no question that jurisdiction to grant relief under the Declaratory Judgment Act is discretionary. *Aetna Casualty & Surety Co. v. Sunshine Corp.,* 74 F.3d 685 (6th Cir.1996). Even if Plaintiff's claims were justiciable, this Court would decline to exercise jurisdiction over this case after consideration of the factors enumerated by the Sixth Circuit in *Allstate Ins. Co. v. Mercier,* 913 F.2d 273, 276 (6th Cir.1990), and subsequent cases.

In determining whether to exercise its discretion in a declaratory judgment action, this Court must consider whether the judgment " 'will serve a useful purpose in clarifying and settling the legal relationship in issue' and whether it 'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " *Sunshine Corp.,* 74 F.3d at 687 (citation omitted). The Sixth Circuit has set forth five factors for the Court to consider in making this determination:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Id.* (quoting *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.,* 746 F.2d 323, 326 (6th Cir.1984)).

As to the first factor, Defendant urges that a declaratory judgment by this Court would not settle the entire controversy between the parties, the controversy being the custody dispute. Defendants argue that resolution of the VAWA issues will not dispose of the Family Court Action since VAWA is not the sole basis for Defendant Shroyer's custody claim. Plaintiff responds that the VAWA

---

**8.** The Court also finds that Plaintiff's claim with respect to possible future litigation in another Court is not ripe because the alleged injury is not "certainly impending." *Magaw,* 132 F.3d at 280. In certain contexts (e.g., cases involving alleged patent infringement), the threat of impending litigation can be sufficient to meet the "injury-in-fact" requirement. However, the Court finds that such a threat is not sufficient in the present case, where the alleged questionable conduct by the plaintiff is not continuing in nature. Further, where the prospect of litigation is conjectural, the case is not ripe for adjudication. *Columbus Community Cable Access, Inc. v. Luken,* 923 F.Supp. 1026, 1029–30 (S.D.Ohio 1996).

claims are not involved in the Family Court Action because they have no relation to a state law child custody claim. Further, the only issue to be resolved in the Family Court Action is the monthly amount of child support and attorneys' fees. There is no remaining issue of custody, as that has been resolved by Agreed Order.

The Court finds that even if the custody dispute has been settled in the Family Court Action, a declaration by this Court that the VAWA is unconstitutional and/or inapplicable to Plaintiff would not settle the entire controversy between Plaintiff and Defendant Shroyer. According to Plaintiff, the parties still have a dispute centering around child support and attorneys' fees, which would not be affected by the declarations requested herein by Plaintiff. Further, it is clear to the Court that part of the controversy giving rise to this declaratory judgment action herein is Defendant Shroyer's (or her counsel's) alleged harassing litigation tactics. Even if a declaration that the VAWA is unconstitutional might stop Defendant Shroyer from using this particular weapon (the VAWA) as a negotiating instrument, it would not necessarily stop the alleged harassment, as Defendant Shroyer (or her counsel) could continue to utilize such techniques with a weapon other than the VAWA. Examination of this factor suggests that the Court should decline to exercise its jurisdiction.

Regarding the third factor, Defendants argue that Plaintiff may have filed this action solely to avoid the VAWA's non-removal provision, 28 U.S.C. § 1445(d),[9] which would not be an appropriate use of the Declaratory Judgment Act. Defendants further argue that Plaintiff is essentially seeking adjudication of an affirmative defense in the Family Court Action. To allow Plaintiff to proceed would deprive Defendant Shroyer of her otherwise legitimate choice of forum, according to Defendants. As a result, Defendant contends that Plaintiff has filed this suit for the purpose of "procedural fencing." Plaintiff responds that it is Defendant Shroyer who is engaging in procedural fencing by filing VAWA claims in a court she knows does not have jurisdiction to hear such claims. Plaintiff also argues that this action is not a removal action.

Plaintiff may not have filed this declaratory judgment action solely to avoid the non-removal provision relating to the VAWA. However, it appears to the Court that, intentional or not, Plaintiff has commenced a "race to res judicata"-a race to have the VAWA issues resolved by a federal, rather than a state, court. While Defendant Shroyer may be engaging in "procedural fencing" in the Family Court Action, this factor requires the Court to examine *Plaintiff's* actions in this regard. While this does not appear to be the only reason Plaintiff filed his complaint in this Court, it does appear to be at least one reason.

Finally, the Court must consider whether there is a better, more effective, alternative remedy. Plaintiff argues that he is afforded no adequate opportunity to present any constitutional challenges or defend against the VAWA claims in state court because there are no VAWA claims pending there. However, this argument ignores the practical realities of the "injury" Plaintiff seeks to remedy. At its core, Plaintiff's complaint is that Defendant Shroyer is using harassing and improper tactics in the Family Court Action to coerce Plaintiff into a settlement favorable to Defendant Shroyer.[10] The Court finds that there are other better and more effective alternative remedies to stop this behavior than a declaration that the VAWA is unconstitutional. If Defendant Shroyer (and her counsel) have acted improperly, Plaintiff might consider filing a motion pursuant to Rule 11 of the Kentucky Rules of Civil Procedure.[11] Also, a claim for wrongful use of

---

9. That section states that "[a] civil action in any State court arising under section 40302 of the [VAWA] may not be removed to any district court of the United States."

10. As noted by the Jefferson Family Court, "[c]learly there has been some strategic consideration as to the timing of filing of actions."

11. Both Kentucky Rule 11 and the federal Rule 11 provide sanctions for pleadings that are interposed for any "improper purpose, such as to harass or to cause ... needless increase in the cost of litigation."

civil proceedings or abuse of process might discourage this type of practice by litigants and their counsel.

If VAWA claims are brought in a federal court for an improper purpose, Rule 11 of the Federal Rules of Civil Procedure is implicated,[12] or Plaintiff might seek an award of costs and fees from Defendant Shroyer's counsel under 28 U.S.C. § 1927.[13] If these sources do not reach the conduct at issue, then federal courts have inherent authority to sanction inappropriate conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). This is particularly true where a party's or counsel's conduct is found to be in bad faith. *See, e.g., Shimman v. International Union of Operating Eng'rs, Local 18*, 744 F.2d 1226, 1231 (6th Cir.1984) (noting that bad faith may arise in bringing an action or causing an action to be brought).

Finally, if counsel's conduct is improper, Plaintiff might resort to the reporting mechanisms promulgated by the Kentucky Supreme Court and the Kentucky Bar Association. Remedies such as these would be more effective in stopping the harassment of which Plaintiff complains. For the reasons set forth above, this Court declines to exercise its discretion under the Declaratory Judgment Act and Plaintiff's claims will be dismissed.

## III. CONCLUSION

Based upon the foregoing, the Court need not consider the Defendants' abstention arguments. Accordingly,

**IT IS HEREBY ORDERED AND ADJUDGED:**

(1) that Defendant Kimberly K. Shroyer's motion to dismiss [Record No. 6] is **GRANTED;**

(2) that Defendant Shroyer's motion for court to abstain from exercising jurisdiction [Record No. 7] is **OVERRULED as MOOT;**

(3) that Defendant Shroyer's motion for court to stay its proceedings pending state court resolution of issues [Record No. 8] is **OVERRULED as MOOT;**

(4) that Defendant Janet Reno's motion to dismiss [Record No. 12] is **GRANTED;**

(5) that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE;**

(6) that Plaintiff's complaint is **DISMISSED** and Plaintiff shall take nothing thereby;

(7) that this matter shall be **STRICKEN** from the docket of the Court; and

(8) that this is a final and appealable Order.

---

12. Rule 11 is, in part, designed to "discourag[e] dilatory or abusive tactics and lessen[] frivolous claims and defenses." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 334–35 (6th Cir.1988) (quoting Advisory Committee notes).

13. Sanctions are appropriate pursuant to 28 U.S.C. § 1927 where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986).